GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
GABRIELLE A. HAMM, ESQ.
Nevada Bar No. 11588
E-mail: ghamm@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Proposed Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| In re:<br><br>MURDER INC., LLC,<br><br>Debtor. | Case No.: BK-S-11-26317-BAM<br>Chapter 11<br><br>Date:  October 24, 2011<br>Time:  9:30 a.m. |
|---|---|

**SUPPLEMENTAL DECLARATION OF LOUIS VENTRE IN SUPPORT OF DEBTOR'S MOTION SEEKING INTERIM AND FINAL ORDERS: (1) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING, (2) GRANTING LIENS AND SUPER-PRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) MODIFYING THE AUTOMATIC STAY, AND (4) SETTING AND PRESCRIBING THE FORM AND MANNER OF NOTICE FOR A FINAL HEARING**

I, Louis Ventre, hereby declare as follows:

1.  I am over the age of 18 and am mentally competent. I have personal knowledge of the matters set forth herein, and if called upon to testify could and would do so in accordance herewith. I make this declaration (the "Supplemental Declaration") to provide further detail to my testimony as set forth in the Omnibus Declaration of Louis Ventre in Support of Debtor's First Day Motions and Other Relief (the "Omnibus Declaration") [ECF No. 10], and in further support of the Debtor's Motion Seeking Interim and Final Orders: (1) Authorizing the Debtor to Obtain Post-Petition Financing, (2) Granting Liens and Super-Priority Administrative Expense

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1353393_3.doc

Status, (3) Modifying the Automatic Stay, and (4) Setting and Prescribing the Form and Manner of Notice for a Final Hearing (the "DIP Financing Motion") [ECF No. 12]. I have also read and am generally familiar with the Objection to the DIP Financing Motion filed by Vion and Strategic (the "V-S Objection") [ECF No. 32].

2. It is fanciful for Vion and Strategic to suggest that potential alternative financing is available to the Debtor on "less onerous terms" than what is proposed in the DIP Financing Motion for numerous reasons, including those set forth in my Omnibus Declaration and as supplemented herein.

3. First, as more fully described in the Omnibus Declaration, and prior to my appointment as manager of the LVME, the Debtor undertook a number of creative and even desperate ways to finance the construction and completion of the LVME prior to its opening. These efforts were necessitated given the shortfall of funds from the existing financing efforts. Indeed, the fact that the LVME entered into the V-S Agreements with Vion and Strategic, thereby factoring its future receivables, and doing so several months prior to even opening, clearly demonstrate the dire financial situation the LVME has been in and the lack of other available and reasonable financing alternatives.

4. Second, Vion and Strategic neglect to mention in their Objection that they themselves (or Vion's parent company) had a preliminary discussion with the Tropicana--the party who holds a substantial amount of leverage over the Debtor's reorganization efforts given the existing defaults under the Lease and the asserted mechanics' liens—about potentially providing DIP financing, however, based on the terms and conditions that Vion and Strategic demanded from the Tropicana and the mechanics' lienholders in order to provide such financing, the parties were never close to an agreement. By contrast, JVLV has been able to reach an agreement in principal with the Tropicana and M.J. Dean, the general contractor, among other critical creditor constituencies, as more fully set forth in the Modified Tropicana Lease Terms attached to the DIP Financing Motion and the Plan Term Sheet.

5. Third, in mid-October 2011, the Debtor received a written offer for potential DIP financing from a company called Select Contracts Canada, Inc. ("Select Contracts"), which is

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1353393_3.doc

2

located in Whistler, British Columbia, Canada. Upon information and belief, Select Contracts is a company that designs, builds and operates all types of leisure and entertainment projects, including but not necessarily limited to projects like hotels, theme parks, water parks, and family entertainment centers. Although perhaps well intentioned, the Select Contracts offer had numerous substantial problems. First, the Select Contracts offer was not a firm offer for financing, but rather only indicated that it was "in final discussions with two sources" to raise new capital, and was instead more of an offer to operate the LVME as a form of turnaround or replacement management. Select Contracts has recently acknowledged to the Debtor's counsel that it still does not have such potential financing arranged and that it would need at least several months to do so. Second, Select Contracts proposed to raise additional financing for the LVME by trying to have the Tropicana impose a resort fee on all of its guests, which was a non-starter from the Tropicana's perspective. Third, the Select Contracts offer did not make any practical sense as it proposed to arrange for $4,500,000 of financing secured by the LVME's artifacts, which are worth, upon information and belief, substantially less. Finally, given the substantial negotiations and efforts were already well underway with JVLV at that point, further negotiations with Select Contracts did not appear likely to resolve LVME's immediate and critical cash needs.

6.   Fourth, the LVME also solicited the potential interest of GC-Global to provide potential financing, however, no response was received.

7.   Fifth, the LVME recently had discussions and a meeting about potential financing with Ripley's Entertainment ("Ripley's"), who is the owner and operator of numerous attractions throughout the world using the well-known "Believe It Or Not" theme, however, such discussions did not result in any financing offer due to what I was advised were various reasons. First, a substantial commitment would be required from Ripley's or any party beyond merely the amount of a DIP loan, because the DIP loan would need to be followed by an interest in providing necessary operating capital to revamp the project and to sustain it until it could have sufficient time to return it to its full potential. Second, it is difficult for a third party like Ripley's, who is unfamiliar with the LVME and its existing operations and issues, to make such

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1353393_3.doc

3

a substantial commitment in such a short timeframe. In fact, Ripley's, just like any other third party not previously involved or familiar with the LVME, indicated it would need to perform a substantial amount of due diligence prior to making such a large financial commitment, and such a high caliber operator would generally require a more stabilized attraction prior to financing. Given such practical and timing issues, obtaining financing from the Debtor's existing secured creditors was the most likely and reasonable possibility.

8.   Finally, the LVME recently has met with numerous of its other existing secured creditors in July 2011, including certain of its existing Noteholders, about providing potential further financing, however, only JVLV has demonstrated consistent and meaningful interest and has undertaken the substantial and difficult effort to negotiate and structure such a difficult loan transaction and proposed plan with the various creditor constituencies, including most critically, with the Tropicana and M.J. Dean. As such, I believe that the proposed JVLV financing is the only realistic, available and likely possible financing for the Debtor at this critical juncture.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED: October 23, 2011.

/s/ Louis Ventre
LOUIS VENTRE

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1353393_3.doc

4