GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
GABRIELLE A. HAMM, ESQ.
Nevada Bar No. 11588
E-mail: ghamm@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Proposed Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-11-26317-BAM <br> Chapter 11 |
| MURDER INC., LLC, | |
| Debtor. | Confirmation Hearing: <br> Date:   January 9 & 11, 2012 <br> Time:  9:30 a.m. |

## DEBTOR'S PLAN OF REORGANIZATION

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

# TABLE OF CONTENTS

1.  **DEFINITIONS, RULES OF INTERPRETATION, AND COMPUTATION OF TIME** ................................................................................................. 1

    1.1. Definitions......................................................................................................... 1

        **1.1.1.** Administrative Claim. ............................................................ 1

        **1.1.2.** Administrative Claim Bar Date. ........................................... 1

        **1.1.3.** Administrative Tax Claim .................................................... 1

        **1.1.4.** Affiliate. ................................................................................. 2

        **1.1.5.** Allowed Administrative Claim. ........................................... 2

        **1.1.6.** Allowed Claim. ..................................................................... 2

        **1.1.7.** Amended Tropicana Lease. ................................................... 2

        **1.1.8.** Asset Purchase Agreement. .................................................. 2

        **1.1.9.** Assets. .................................................................................... 2

        **1.1.10.** Assigned Contracts. ............................................................ 2

        **1.1.11.** Avoidance Actions. ............................................................. 2

        **1.1.12.** Ballot. .................................................................................. 3

        **1.1.13.** Bankruptcy Code. ............................................................... 3

        **1.1.14.** Bankruptcy Court. .............................................................. 3

        **1.1.15.** Bankruptcy Rules. .............................................................. 3

        **1.1.16.** Bar Date. .............................................................................. 3

        **1.1.17.** Business Day. ...................................................................... 3

        **1.1.18.** Cash. .................................................................................... 3

        **1.1.19.** Chapter 11 Case. ................................................................. 3

        **1.1.20.** Claim. ................................................................................... 3

        **1.1.21.** Class. .................................................................................... 3

        **1.1.22.** Collateral. ............................................................................ 4

        **1.1.23.** Committee. ........................................................................... 4

        **1.1.24.** Confirmation. ...................................................................... 4

        **1.1.25.** Confirmation Date. ............................................................. 4

        **1.1.26.** Confirmation Hearing. ........................................................ 4

        **1.1.27.** Confirmation Order. ............................................................ 4

        **1.1.28.** Contingent Claim. ............................................................... 4

        **1.1.29.** Creditor. .............................................................................. 4

        **1.1.30.** Cure. ..................................................................................... 4

        **1.1.31.** Debtor. ................................................................................. 4

        **1.1.32.** DIP Loan. ............................................................................ 4

        **1.1.33.** DIP Loan Agreement. ......................................................... 5

        **1.1.34.** DIP Loan Order. ................................................................. 5

        **1.1.35.** Disclosure Statement. ......................................................... 5

        **1.1.36.** Disputed Claim or Disputed Equity Security.................... 5

        **1.1.37.** Disputed Claim Reserve. .................................................... 5

        **1.1.38.** Distributable Assets. ........................................................... 5

        **1.1.39.** Distribution. ........................................................................ 5

        **1.1.40.** Effective Date. .................................................................... 5

        **1.1.41.** Equity Security..................................................................... 5

        **1.1.42.** Estate. .................................................................................. 6

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

i

**1.1.43.** Executory Contract. ...................................................................... 6
**1.1.44.** Exhibit. ...................................................................................... 6
**1.1.45.** Final Order. ............................................................................... 6
**1.1.46.** GC-Global. ................................................................................ 6
**1.1.47.** General Contractor Claims. ........................................................... 6
**1.1.48.** General Unsecured Claims. ........................................................... 6
**1.1.49.** Governmental Unit. ..................................................................... 6
**1.1.50.** Holder. ..................................................................................... 6
**1.1.51.** Impaired. .................................................................................. 6
**1.1.52.** JVLV. ....................................................................................... 6
**1.1.53.** Lien. ........................................................................................ 7
**1.1.54.** Liquidating Trust. ........................................................................ 7
**1.1.55.** Liquidating Trustee. ..................................................................... 7
**1.1.56.** Liquidating Trust Agreement. ......................................................... 7
**1.1.57.** Liquidating Trust Assets. .............................................................. 7
**1.1.58.** Liquidating Trust Board. ................................................................ 7
**1.1.59.** Litigation Claims. ........................................................................ 7
**1.1.60.** LVME. ....................................................................................... 7
**1.1.61.** Modified Tropicana Lease Terms. .................................................... 7
**1.1.62.** Nevada Secretary. ....................................................................... 7
**1.1.63.** Newco. ..................................................................................... 7
**1.1.64.** NRS. ........................................................................................ 8
**1.1.65.** Other Secured Claims. .................................................................. 8
**1.1.66.** Person. ..................................................................................... 8
**1.1.67.** Petition Date. ............................................................................. 8
**1.1.68.** Plan. ........................................................................................ 8
**1.1.69.** Professional. .............................................................................. 8
**1.1.70.** Professional Fees. ....................................................................... 8
**1.1.71.** Pro Rata. ................................................................................... 8
**1.1.72.** Priority Non-Tax Claim. ................................................................. 8
**1.1.73.** Priority Tax Claim. ....................................................................... 8
**1.1.74.** Purchase Price. ........................................................................... 8
**1.1.75.** Purchased Assets. ....................................................................... 8
**1.1.76.** Record Date. .............................................................................. 8
**1.1.77.** Reorganized Debtor. ..................................................................... 8
**1.1.78.** Schedules. ................................................................................. 8
**1.1.79.** Secured Claim. ............................................................................ 9
**1.1.80.** Secured Note Claims. ................................................................... 9
**1.1.81.** Strategic. .................................................................................. 9
**1.1.82.** Subcontractor Claims. .................................................................. 9
**1.1.83.** Taxes. ...................................................................................... 9
**1.1.84.** Tropicana. ................................................................................. 9
**1.1.85.** Tropicana Lease. ......................................................................... 9
**1.1.86.** Tropicana Lease Forbearance Agreement. ......................................... 9
**1.1.87.** Tropicana Mechanics' Liens And Claims ............................................ 9
**1.1.88.** Trust Administrative Expenses. ...................................................... 10
**1.1.89.** Unimpaired. ............................................................................... 10
**1.1.90.** Vion. ........................................................................................ 10

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

ii

1.2. Computation of Time. ..................................................................... 10
1.3. Rules of Interpretation. ................................................................. 10
1.4. Exhibits and Plan Schedules. ........................................................ 10

**2.    TREATMENT OF UNCLASSIFIED CLAIMS** ....................................... **10**

2.1. General. ......................................................................................... 10
2.2. Administrative Expenses. .............................................................. 10
2.3. Priority Tax Claims. ...................................................................... 11
2.4. Treatment of Professional Claims ................................................ 11
2.5. Requests for Payment. ................................................................... 11

**3.    DESIGNATION OF CLASSES OF CLAIMS AND EQUITY SECURITIES** .......... **11**

3.1. Summary of Claims Classifications. .............................................. 12
3.2. Specific Classification. .................................................................. 12
    **3.2.1.** Class 1:  Priority Non-Tax Claims. .................................... 12
    **3.2.2.** Class 2:  Secured Tax Claims. .......................................... 12
    **3.2.3.** Class 3:  Secured Note Claims. ......................................... 12
    **3.2.4.** Class 4:  General Contractor Claim. ................................. 12
    **3.2.5.** Class 5:  Subcontractor Claims. ...................................... 12
    **3.2.6.** Class 6:  Other Secured Claims. ...................................... 13
    **3.2.7.** Class 7:  General Unsecured Claims. ................................ 13
    **3.2.8.** Class 8:  Equity Securities. ............................................. 13

**4.    DESIGNATION OF AND PROVISIONS FOR TREATMENT OF
CLASSES OF CLAIMS UNDER THIS PLAN** ....................................... **13**

4.1. Class 1:  Priority Non-Tax Claims. ............................................... 13
4.2. Class 2:  Secured Tax Claims. ...................................................... 13
4.3. Class 3:  Secured Note Claims. ..................................................... 13
4.4. Class 4:  General Contractor Claim. ............................................. 14
4.5. Class 5:  Subcontractor Claims. .................................................... 14
4.6. Class 6:  Other Secured Claims. .................................................... 14
4.7. Class 7:  General Unsecured Claims. ............................................. 15
4.8. Class 8:  Equity Securities. ........................................................... 15

**5.    MEANS FOR IMPLEMENTATION OF PLAN.** ................................... **15**

5.1. Newco. .......................................................................................... 15
5.2. Plan Implementation Occurring on the Effective Date. .................. 15
5.3. Post-Effective Date Management of Reorganized Debtor. .............. 15
5.4. Effectuation of Transactions. ........................................................ 15
5.5. Sale of Purchased Assets and Assignment of Assigned Contracts to Newco. ..... 15
5.6. Amended Tropicana Lease. ............................................................ 16
5.7. Distribution of Newco Equity Interests. ........................................ 16
5.8. Reserves. ....................................................................................... 16
5.9. Liquidating Trust. ......................................................................... 16
5.10. Dissolution of Reorganized Debtor. .............................................. 16
5.11. Notice of Effectiveness. ................................................................. 16
5.12. No Governance Action Required. ................................................... 16
5.13. Filing with Nevada Secretary. ....................................................... 17

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

iii

103164-002/1350781_6

6.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ........................................ 17

    6.1. Executory Contracts. ................................................................................. 17
    6.2. Approval of Assumption or Rejection. ...................................................... 17
    6.3. Cure of Defaults. ...................................................................................... 17
    6.4. Objection to Cure Amounts. ..................................................................... 17
    6.5. Confirmation Order. .................................................................................. 18
    6.6. Post-Petition Date Contracts and Leases. ................................................ 18
    6.7. Bar Date. .................................................................................................. 18

7.    **MANNER OF DISTRIBUTION OF PROPERTY UNDER THIS PLAN** ............... 18

    7.1. Distributions. ............................................................................................ 18
    7.2. Statements. ................................................................................................ 18
    7.3. Further Authorization. .............................................................................. 18

8.    **CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE.** ............................................................................................... 19

    8.1. Conditions to Confirmation. ..................................................................... 19
    8.2. Conditions to Effectiveness. ..................................................................... 19

9.    **TITLE TO PROPERTY; DISCHARGE; RELEASE; INJUNCTION** ..................... 19

    9.1. Preservation and Transfer of Litigation Claims. ...................................... 19
    9.2. Injunction. ................................................................................................. 19
    9.3. Release. ..................................................................................................... 20
    9.4. Exculpation. .............................................................................................. 21

10.   **LIQUIDATING TRUST AND LIQUIDATING TRUSTEE.** ................................... 21

    10.1. Board Role. .............................................................................................. 21
    10.2. Compensation. ......................................................................................... 21
    10.3. Fiduciary Duties. ..................................................................................... 21
    10.4. Reports. .................................................................................................... 21
    10.5. Resignation of the Liquidating Trustee. .................................................. 21
    10.6. Treatment of Beneficial Interests in the Liquidating Trust. .................... 22
    10.7. Actions against the Liquidating Trustee. ................................................. 22
    10.8. Powers of the Liquidating Trustee. .......................................................... 22
    10.9. Exculpation and Indemnification. ........................................................... 24
    10.10. Retention of Funds Prior to Distribution. ............................................. 24
    10.11. Conflict Between Plan and Liquidating Trust Agreement. ..................... 25
    10.12. Representation of Liquidating Trust. ...................................................... 25
    10.13. Termination of the Liquidating Trust. .................................................... 25

11.   **RETENTION OF JURISDICTION** ........................................................................... 26

    11.1. Jurisdiction. ............................................................................................. 26

12.   **MODIFICATION AND AMENDMENT OF PLAN** ................................................. 27

13.   **MISCELLANEOUS** ................................................................................................... 27

    13.1. Filing of Objections to Claims or Equity Securities. ............................... 27
    13.2. Resolution of Objections After Effective Date. ....................................... 27

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

iv

13.3. Distributions and Disputed Claims Reserve. ........................................................ 28
13.4. Late-Filed Claims............................................................................................... 28
13.5. Effectuating Documents; Further Transactions; Timing. .................................... 28
13.6. Exemption from Transfer Taxes. ........................................................................ 28
13.7. Revocation or Withdrawal of this Plan. .............................................................. 29
13.8. Binding Effect..................................................................................................... 29
13.9. Governing Law. .................................................................................................. 29
13.10. Modification of Payment Terms. ....................................................................... 29
13.11. Providing for Claims Payments. ....................................................................... 29
13.12. Set Offs. ........................................................................................................... 29
13.13. Notices. ............................................................................................................ 30
13.14. Severability. ..................................................................................................... 30
13.15. Withholding and Reporting Requirements. ....................................................... 31
13.16. Post-Confirmation Reporting............................................................................. 31
13.17. Cramdown. ....................................................................................................... 31
13.18. Quarterly Fees to the United States Trustee. .................................................... 31

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

Murder Inc., LLC, a Nevada limited liability company ("Debtor") proposes this plan of reorganization (this "Plan") for the resolution of Debtor's outstanding Claims and Equity Securities (as these terms are defined herein). All Creditors, Equity Security Holders (as both terms are defined herein), and other parties-in-interest should refer to the Disclosure Statement (as this term is defined herein) for a discussion of Debtor's history, assets, historical financial data, and for a summary and analysis of this Plan and certain related matters. All Holders of Claims against and Equity Securities in Debtor are encouraged to read this Plan, the Disclosure Statement, and the related solicitation materials in their entirety before voting to accept or reject this Plan.

Subject to the restrictions on modifications set forth in Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in Article 11 to this Plan, Debtor expressly reserves the right to alter, amend, strike, withdraw, or modify this Plan one or more times before its substantial consummation.

## 1. DEFINITIONS, RULES OF INTERPRETATION, AND COMPUTATION OF TIME

**1.1. Definitions.** For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in this Article 1. Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, in that order of priority. Whenever the context requires, such terms shall include the plural as well as the singular, the masculine gender shall include the feminine, and the feminine gender shall include the masculine. As used in this Plan, the following terms shall have the meanings specified below:

**1.1.1.** Administrative Claim. A Claim for any cost or expense of administration of the Chapter 11 Case allowed under Sections 503(b) or 507(b) of the Bankruptcy Code and entitled to priority under Section 507(a)(2) of the Bankruptcy Code, including, but not limited to: (i) fees payable pursuant to 28 U.S.C. § 1930; (ii) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estate, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case; (iii) all Professional Fees approved by the Bankruptcy Court pursuant to interim and final allowances subject to any limitations set forth in this Plan; and (iv) all requests for compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Case pursuant to Sections 503(b)(3) and (4) of the Bankruptcy Code. To the extent that a Claim is allowed pursuant to Sections 365(d)(3) and (d)(5) of the Bankruptcy Code, such Claim shall also be deemed an "Administrative Claim" under this paragraph.

**1.1.2.** Administrative Claim Bar Date. The deadline for filing requests for payment of Administrative Claims, which shall be the end of the first Business Day occurring on or after the sixtieth (60th) calendar day after the Effective Date.

**1.1.3.** Administrative Tax Claim. An Administrative Claim under Section 503(b)(1)(B) of the Bankruptcy Code asserted by a Governmental Unit for taxes (and for any interest, penalties or other charges related to such taxes) for any tax year or period, all or a portion of which occurs or falls within the period from and including the Petition Date through and including the Effective Date.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

1

**1.1.4.** Affiliate.    The meaning given such term by Section 101(2) of the Bankruptcy Code.

**1.1.5.** Allowed Administrative Claim.  An Administrative Claim (a) as to which no objection has been filed or, if an objection has been filed, has been resolved by the allowance of such Administrative Claim by a Final Order of the Bankruptcy Court; or (b) which requires payment in the ordinary course and as to which there is no Final Order of the Bankruptcy Court in effect which prohibits any such payment.

**1.1.6.** Allowed Claim.  A Claim or any portion thereof that is not a Disputed Claim:  (i) that is allowed pursuant:  (w) to this Plan or Final Order of the Bankruptcy Court, (x) to any stipulation executed prior to the Confirmation Date and approved by the Bankruptcy Court, (y) to any stipulation with Debtor or Reorganized Debtor, as applicable, executed on or after the Confirmation Date and approved by the Bankruptcy Court, or (z) to any contract, instrument, or other agreement entered into or assumed in connection herewith; (ii) proof of which, requests for payment of which, or application for allowance of which, was filed or deemed to be filed on or before the Bar Date for filing proofs of Claim or requests for payment of Claims of such type against Debtor; or (iii) if no proof of Claim is filed, which has been or hereafter is listed by Debtor in the Schedules as liquidated in amount and not disputed or contingent; and in the case of (ii) or (iii), no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court or the Bankruptcy Court has entered a Final Order Allowing all or a portion of such Claim.

**1.1.7.** Amended Tropicana Lease.  The Tropicana Lease Agreement as amended in accordance with the Modified Tropicana Lease Terms and in a form acceptable to Tropicana in its sole discretion, which is to be assumed and assigned to Newco in accordance with the Asset Purchase Agreement and this Plan on the Effective Date.

**1.1.8.** Asset Purchase Agreement.    The Asset Purchase Agreement dated November __, 2011, between Newco, as Purchaser, and Debtor, as Seller, for the purchase of the Purchased Assets and the assumption and assignment of the Assigned Contracts, including, but not limited to, the Amended Tropicana Lease and certain other Executory Contracts pursuant to this Plan and Sections 363 and 365 of the Bankruptcy Code.  A copy of the Asset Purchase Agreement will be attached as an exhibit to the Disclosure Statement.

**1.1.9.** Assets.  All of the assets, property, interests, and effects, real and personal, tangible and intangible, wherever situated, of Debtor, including Litigation Claims, as they exist on the Effective Date.

**1.1.10.** Assigned Contracts.  As defined in the Asset Purchase Agreement.

**1.1.11.** Avoidance Actions.  All avoidance, recovery, subordination, and other similar actions preserved for the Estate under the Bankruptcy Code, including but not limited to those set forth in Sections 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551, 553(b), and 724(a) of the Bankruptcy Code, regardless of whether or not such action has been commenced prior to the Effective Date, provided however, the term Avoidance Actions shall exclude any and all Claims and causes of action against Tropicana and JVLV and their respective members, shareholders, officers, directors, employees, agents, professionals, representatives, successors

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

2

and assigns, all of which shall be released pursuant to this Plan.

**1.1.12.** Ballot.  The form of ballot or ballots that will be distributed with the Disclosure Statement to Holders of Claims entitled to vote on this Plan in connection with the solicitation of acceptances of this Plan.

**1.1.13.** Bankruptcy Code.  Title 11, United States Code, as applicable to the Chapter 11 Case, as now in effect or hereafter amended, 11 U.S.C. §§ 101, *et seq.*

**1.1.14.** Bankruptcy Court. The United States Bankruptcy Court for the District of Nevada having jurisdiction over the Chapter 11 Case and, to the extent of the withdrawal of any reference under Section 157 of Title 28 of the United States Code and/or the General Order of the United States District Court for the District of Nevada pursuant to Section 151 of Title 28 of the United States Code, the United States District Court for the District of Nevada.

**1.1.15.** Bankruptcy Rules.  Collectively, the Federal Rules of Bankruptcy Procedure, as applicable to the Chapter 11 Case, promulgated under 28 U.S.C. § 2075 and the general, local, and chamber rules of the Bankruptcy Court as applicable to the Chapter 11 Case, as now in effect or hereinafter amended.

**1.1.16.** Bar Date.  The date or dates established by the Bankruptcy Court, the Bankruptcy Code, and/or the Bankruptcy Rules for the filing of proofs of Claim for all Creditors, excepting therefrom, Administrative Claims and proofs of Interest by Holders of Equity Securities..

**1.1.17.** Business Day.  Any day, other than a Saturday, Sunday, or "legal holiday" (as defined in Bankruptcy Rule 9006(a)) and with regard to Bankruptcy Rule 9006(c) in Nevada.

**1.1.18.** Cash.  The legal tender of the United States of America or the equivalent thereof, including bank deposits, checks, negotiable instruments, wire transfers of immediately available funds, or other cash equivalents.

**1.1.19.** Chapter 11 Case.  The case under Chapter 11 of the Bankruptcy Code involving Debtor, having case number BK-S-11-26317-BAM, including all adversary proceedings pending in connection therewith.

**1.1.20.** Claim.  As provided for in Section 101(5) of the Bankruptcy Code, including any right to payment from Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured arising at any time before the Effective Date or relating to any event that occurred before the Effective Date, or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**1.1.21.** Class.  A category of Holders of Claims or Equity Securities as classified in this Plan.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

3

**1.1.22.** Collateral. Any property or interest in property of the Estate that is subject to a valid and enforceable Lien or security interest to secure a Secured Claim.

**1.1.23.** Committee. A committee of unsecured Creditors appointed pursuant to Section 1102(a)(1) of the Bankruptcy Code.

**1.1.24.** Confirmation. The entry by the Bankruptcy Court of the Confirmation Order on the docket of the Chapter 11 Case.

**1.1.25.** Confirmation Date. The date upon which the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Case.

**1.1.26.** Confirmation Hearing. The duly-noticed initial hearing held by the Bankruptcy Court to confirm this Plan pursuant to Section 1128 of the Bankruptcy Code, and any subsequent hearing held by the Bankruptcy Court from time to time to which the initial hearing is adjourned without further notice other than the announcement of the adjourned dates at the Confirmation Hearing or by a subsequent order of the Bankruptcy Court.

**1.1.27.** Confirmation Order. The order entered by the Bankruptcy Court confirming this Plan pursuant to Section 1129 of the Bankruptcy Code.

**1.1.28.** Contingent Claim. A Claim, the liability for which attaches as is dependent on the occurrence or happening of, or triggered by, an event, which event has not yet occurred, happened, or been triggered, as of the date which such Claim is estimated or an objection to such Claim is filed.

**1.1.29.** Creditor. Any Holder of a Claim, whether or not such Claim is an Allowed Claim.

**1.1.30.** Cure. The distribution on the Effective Date, or as soon thereafter as practicable, of Cash or such other property as may be agreed upon by the parties or ordered by the Bankruptcy Court, with respect to the assumption of an Executory Contract pursuant to Section 365(b) of the Bankruptcy Code, or with respect to any other debt instrument, in an amount equal to: (i) all unpaid monetary obligations due under such Executory Contract or required to pay to bring current the debt instrument and thereby reinstate the debt and return to the pre-default conditions to the extent such obligations are enforceable under the Bankruptcy Code or applicable non-bankruptcy law; and (ii) with respect to any debt instrument, if a Claim arises from Debtor's failure to perform any non-monetary obligation as set forth in Sections 1124(2)(C) and 1124(2)(D) of the Bankruptcy Code, payment of the dollar amount which compensates the Holder of such Claim for any actual pecuniary loss incurred by such Holder as a result of any such failure and the dollar amount of the Claim that is established by the Holder's sworn declaration and accompanying admissible evidence filed with the Bankruptcy Court and served upon Debtor's counsel on or before such date ordered by the Court for the filing of objections to the Disclosure Statement.

**1.1.31.** Debtor. Murder Inc., LLC, the debtor and debtor-in-possession in the Chapter 11 Case pursuant to Section 1108 of the Bankruptcy Code.

**1.1.32.** DIP Loan. The debtor-in-possession loan from JVLV to Debtor pursuant

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

4

to the DIP Loan Agreement.

**1.1.33.** DIP Loan Agreement.   The Debtor-in-Possession Loan and Security Agreement dated October 17, 2011, executed by Debtor, as Borrower, and JVLV, as Lender, which provides for the DIP Loan.

**1.1.34.** DIP Loan Order.  Both the interim order and Final Order entered by the Bankruptcy Court approving the DIP Loan.

**1.1.35.** Disclosure Statement.  The disclosure statement that relates to this Plan, as amended, supplemented, or modified from time to time, describing this Plan that is prepared and distributed in accordance with, among others, Sections 1125, 1126(b), and 1145 of the Bankruptcy Code, Bankruptcy Rule 3018, and other applicable law.

**1.1.36.** Disputed Claim or Disputed Equity Security.  A Claim or Equity Security which is: (i) subject to timely objection interposed by Debtor, Reorganized Debtor, or any party-in-interest entitled to file and prosecute such objection in the Chapter 11 Case, if at such time such objection remains unresolved; or (ii) a Claim or Equity Security that is listed by Debtor as disputed, unliquidated, or contingent in the Schedules; provided, however, that the Bankruptcy Court may estimate a Disputed Claim  or Disputed Equity Security for purposes of allowance pursuant to Section 502(c) of the Bankruptcy Code.  The term "Disputed," when used to modify a reference in this Plan to any Claim or Class of Claims or Equity Security, shall mean a Claim or Equity Security (or any Claim or Equity Security in such Class) that is a Disputed Claim or Disputed Equity Security as defined herein.  In the event there is a dispute as to classification or priority of a Claim or Equity Security, it shall be considered a Disputed Claim or Disputed Equity Security in its entirety.   Until such time as a Contingent Claim becomes fixed and absolute, such Claim shall be treated as a Disputed Claim and not an Allowed Claim for purposes related to allocations and distributions under this Plan.

**1.1.37.** Disputed Claim Reserve.  A reserve established to hold in one or more accounts Cash, Liquidating Trust interests, or other Assets equal to the aggregate amount thereof that would have been distributed in accordance with the terms of this Plan on account of a Disputed Claim as if such Claim had been Allowed at the time of such distribution.

**1.1.38.** Distributable Assets.  The Assets distributable to Allowed Claims and unclassified Claims in accordance with the Plan by Reorganized Debtor.

**1.1.39.** Distribution.   Any distribution by Debtor or Reorganized Debtor of Distributable Assets to the Holders of Allowed Claims as of the Record Date.

**1.1.40.** Effective Date.  The day that is no earlier than the fifteenth (15th) day after the Confirmation Order is docketed and after which the conditions as set forth in this Plan have been satisfied or waived.

**1.1.41.** Equity Security.  An equity security as the term is defined in Section 101(16) of the Bankruptcy Code and includes the membership interests in Debtor and any warrants, options, redemption rights, dividend rights, liquidation preferences, rights to purchase any such Equity Security, or any other rights related thereto.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

5

**1.1.42.** Estate.  The estate created for Debtor in the Chapter 11 Case pursuant to Section 541 of the Bankruptcy Code.

**1.1.43.** Executory Contract.  A contract, including an unexpired lease, to which Debtor is a party that is subject to assumption or rejection under Section 365 of the Bankruptcy Code.

**1.1.44.** Exhibit.  An exhibit annexed to either this Plan or as an appendix to the Disclosure Statement.

**1.1.45.** Final Order.  An order, judgment, or other decree of the Bankruptcy Court, or other court of competent jurisdiction, entered on the docket of such court, that has not been reversed, reconsidered, stayed, modified, or amended, that is in full force and effect, and as to which order or judgment: (i) the time to appeal, seek review or rehearing, or petition for certiorari has expired and no timely filled appeal or petition for review, rehearing, remand, or certiorari is pending; (ii) any appeal taken or petition for certiorari or request for reconsideration or further review or rehearing filed: (a) has been resolved by the highest court to which the order or judgment was appealed or from which review, rehearing, or certiorari was sought; or (b) has not yet been resolved by such highest court, but such order has not been stayed pending appeal. Notwithstanding the foregoing, the Confirmation Order shall specifically become a Final Order on the first Business Day that is fifteen (15) days after the entry of such Confirmation Order unless any appeal of such Confirmation Order was accompanied by a stay pending appeal.

**1.1.46.** GC-Global.  GC-Global Capital Corporation, its affiliates, and any of its successors or assigns, of any Claim held by them against Debtor or the Estate, including but not limited to under that certain Loan Purchase Agreement dated as of March 16, 2011, and any amendments or supplements thereto.

**1.1.47.** General Contractor Claims.   All Claims of M. J. Dean, its affiliates, and any of its successors and assigns, whether or not secured by properly perfected mechanic/materialmen Liens against the Assets.

**1.1.48.** General Unsecured Claims.  Any pre-Petition Date Claim against Debtor that is not an Administrative Expense Claim, Priority Tax claim, Priority Non-Tax Claim, Secured Tax Claim, Secured Note Claim, General Contractor Claim, Subcontractor Claim, or Other Secured Claim.  General Unsecured Claims shall also include all Claims arising under Section 502(g) of the Bankruptcy Code.

**1.1.49.** Governmental Unit.  A governmental unit as defined in Section 101(27) of the Bankruptcy Code.

**1.1.50.** Holder.  A Person holding an Equity Security or Claim.

**1.1.51.** Impaired.   Impaired within the meaning of Section 1124 of the Bankruptcy Code.

**1.1.52.** JVLV.  JVLV Holdings, LLC.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

6

**1.1.53.** Lien.  This term shall have the meaning set forth in Section 101(37) of the Bankruptcy Code and, with respect to any Asset, includes, without limitation, any mortgage, lien, pledge, charge, security interest or other encumbrance of any kind, or any other type of preferential arrangement that has the practical effect of creating a security interest, in respect of such Asset.

**1.1.54.** Liquidating Trust.  That certain trust created in the manner described in this Plan and the Liquidating Trust Agreement to be administered by the Liquidating Trustee as set forth in Section 10 of this Plan that shall be named the "Murder Inc. Liquidating Trust."

**1.1.55.** Liquidating Trustee.  The trustee of the Liquidating Trust created pursuant to this Plan and any successor thereto, as designated pursuant to Section 5.9.1 of this Plan.

**1.1.56.** Liquidating Trust Agreement.  That certain Liquidating Trust Agreement that is to govern the Liquidating Trust, substantially in the form and substance as attached as an Exhibit to the Disclosure Statement as the same may be amended, modified, or supplemented from time to time in accordance therewith.

**1.1.57.** Liquidating Trust Assets.  The Litigation Claims and the proceeds thereof, including, without limitation, any interest earned thereon.

**1.1.58.** Liquidating Trust Board.  The board established pursuant to the Liquidating Trust Agreement and this Plan, as designated pursuant to Section 5.9.1. of the Plan.

**1.1.59.** Litigation Claims.  All rights, claims, torts, liens, liabilities, obligations, actions, causes of action, including Avoidance Actions, derivative actions, proceedings, debts, contracts, judgments, damages and demands whatsoever in law or in equity, whether known or unknown, contingent or otherwise, that Debtor or the Estate may have against any Person, including but not limited to, those listed on Schedule 1.1.59 hereto; provided, however, that the term Litigation Claims shall exclude any and all claims and causes of action, whether known or unknown, matured or unmatured, contingent or not contingent, against Tropicana, JVLV or the Holder of General Contractor Claims and each of their respective its members, shareholders, officers, directors, employees, agents, professionals, representatives, successors and assigns, all of which shall be released pursuant to this Plan.  Failure to list a Litigation Claim on Schedule 1.1.59 shall not constitute a waiver or release by Debtor or Reorganized Debtor of such Litigation Claim.

**1.1.60.** LVME.  The Las Vegas Mob Experience, which is operated by Debtor at the Tropicana.

**1.1.61.** Modified Tropicana Lease Terms.  The substantive terms and conditions of modifications to the Tropicana Lease, as set forth on the term sheet attached as Exhibit 3 to the Disclosure Statement.

**1.1.62.** Nevada Secretary.  The Secretary of State of the State of Nevada.

**1.1.63.** Newco.   JVLV New Holdings, LLC, a Delaware limited liability company, or its assignee, being the Purchaser of the Purchased Assets and assignee of the Assigned Contracts pursuant to the Asset Purchase Agreement.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

7

**1.1.64.** NRS. The Nevada Revised Statutes, as amended from time to time

**1.1.65.** Other Secured Claims. Any Secured Claim other than Secured Tax Claims, Secured Note Claims, Secured General Contractor Claims and Secured Subcontractor Claims.

**1.1.66.** Person. An individual, corporation, limited liability company, partnership, association, joint stock company, joint venture, estate, trust, Governmental Unit, or any subdivision thereof or any other entity.

**1.1.67.** Petition Date. October 17, 2011, the date on which a voluntary Chapter 11 petition was filed by Debtor, thereby commencing the Chapter 11 Case.

**1.1.68.** Plan. This plan of reorganization, either in its present form or as it may be amended, supplemented, or modified from time to time, including all exhibits and schedules annexed hereto or referenced herein.

**1.1.69.** Professional. A Person employed by Debtor or a Committee pursuant to Section 327 or 328 of the Bankruptcy Code.

**1.1.70.** Professional Fees. The Administrative Claims for compensation and reimbursement submitted pursuant to Sections 328, 330, 331, or 503(b) of the Bankruptcy Code of: (i) Professionals employed pursuant to an order of the Bankruptcy Court under Section 327 or 328 of the Bankruptcy Code; or (ii) a Person for whom compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to Section 503(b) of the Bankruptcy Code or by other Final Order.

**1.1.71.** Pro Rata. The ratio of an Allowed Claim in a particular Class to the aggregate amount of all such Allowed Claims in any such Class.

**1.1.72.** Priority Non-Tax Claim. A Claim, other than an Administrative Claim or Priority Tax Claim, which is entitled to priority in payment pursuant to Section 507(a) of the Bankruptcy Code.

**1.1.73.** Priority Tax Claim. A Claim entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code.

**1.1.74.** Purchase Price. As defined in the Asset Purchase Agreement.

**1.1.75.** Purchased Assets. As defined in the Asset Purchase Agreement.

**1.1.76.** Record Date. The date the Court enters an order approving the Disclosure Statement for the purpose of determining the Holders of Equity Securities and Secured Claims.

**1.1.77.** Reorganized Debtor. Debtor as reorganized pursuant to this Plan after the Effective Date by merger, consolidation, or otherwise.

**1.1.78.** Schedules. The schedules of assets and liabilities and any amendments thereto filed by Debtor with the Bankruptcy Court in accordance with Section 521(1) of the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

8

Bankruptcy Code.

**1.1.79.** Secured Claim.  A Claim that is secured by a Lien against property of the Estate to the extent of the value of any interest in such property of the Estate securing such Claim, which Lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Final Order, or to the extent of the amount of such Claim subject to setoff in accordance with Section 553 of the Bankruptcy Code, in either case as determined pursuant to Section 506(a) of the Bankruptcy Code.

**1.1.80.** Secured Note Claims.  Secured Claims evidenced by pre-Petition Date notes or similar documentation executed by Debtor that are secured by properly perfected first-priority Liens against the Assets, including any Secured Claims held by Strategic, Vion and GC-Global to the extent Allowed.

**1.1.81.** Strategic.  Strategic Funding Source, Inc., its affiliates, and any of its successors or assigns of any Claim held by them against Debtor or the Estate, including but not limited to under that certain Purchase and Sale of Future Receivables Agreement and the merchant Security Agreement and Guaranty, both dated as of February 25, 2011, and the Purchase and Sale of Future Receivables Agreement dated as of March 14, 2011.

**1.1.82.** Subcontractor Claims.  All Claims of subcontractors, mechanics and material suppliers, including their affiliates, and any of their successors and assigns, in respect of labor, services, materials, or work performed for the benefit of Debtor, whether or not secured by properly perfected mechanic/materialmen Liens against the Assets.

**1.1.83.** Taxes.  All income, gaming, entertainment, franchise, excise, sales, use, employment, withholding, property, payroll, or other taxes, assessments of governmental charges, together with any interest penalties, additions to tax, fines, and similar amounts relating thereto, whether or not yet assessed or imposed, collected by, or due to any federal, state, local or foreign governmental authority.

**1.1.84.** Tropicana.  Tropicana Las Vegas, Inc.

**1.1.85.** Tropicana Lease.  The Lease dated June 7, 2010, between Debtor, as tenant, and Tropicana Las Vegas, Inc., as landlord, for exhibition space within the Tropicana Las Vegas Resort for the operation of the LVME.

**1.1.86.** Tropicana Lease Forbearance Agreement.  The Limited Forbearance Agreement dated as of October 17, 2010, between Debtor and Tropicana with regard to the Tropicana Lease, which Limited Forbearance Agreement was approved by the Bankruptcy Court by Final Order entered on November 3, 2011.

**1.1.87.** Tropicana Mechanics' Liens And Claims. All mechanics', materialmen's, and similar liens, security interests, causes of action, claims, and interests asserted against Tropicana or any of Tropicana's real or personal property by any Holder of a General Contractor Claim, any Holder of a Subcontractor Claim, or any other Person in respect of labor, services, materials, or work performed for the benefit of Debtor or any person or entity other than Tropicana, including without limitation Las Vegas Awning, LLC; George M. Raymond Co.; Wood Resources of Nevada, Inc.; Superior Tile & Marble, Inc.; Hansen Mechanical Contractors,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

9

Inc.; J&R Flooring Inc., dba J Picini Flooring; Dean Roofing; Statewide Fire Protection; Scott Zemp Masonry, Inc.; M.J. Dean Construction Inc.; Bombard Electric, LLC; Simplexgrinnell, LP; and Northwestern Inc.

**1.1.88.** Trust Administrative Expenses. Professional fees and expenses incurred by the Liquidating Trust in carrying out the purposes of the Trust in accordance with this Plan and the Liquidating Trust Agreement.

**1.1.89.** Unimpaired. Unimpaired shall have the meaning set forth in Section 1124 of the Bankruptcy Code.

**1.1.90.** Vion. Vion Operations, LLC, its affiliates, and any of its successors or assigns, of any Claim held by them against Debtor or its Estate, including but not limited to under the Purchase and Sale of Future Receivables Agreement and the Merchant Security Agreement and Guaranty, both dated as of February 25, 2011.

**1.2. Computation of Time.** In computing any period of time prescribed or allowed by this Plan, unless otherwise expressly provided, the provisions of Bankruptcy Rule 9006(a) shall apply.

**1.3. Rules of Interpretation.** For purposes of this Plan only (i) any reference in this Plan to a contract, instrument, release, or other agreement or documents being in particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (ii) any reference in this Plan to an existing document or exhibit filed or to be filed means such document or exhibit as it may have been or may be amended, modified, or supplemented; (iii) unless otherwise specified, all references in this Plan to Sections, Articles, Schedules and Exhibits are references to Sections, Articles, Schedules and Exhibits of or to this Plan; (iv) the words "herein," "hereof," "hereto," and "hereunder" refer to this Plan in its entirety rather than to a particular portion of this Plan; (v) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of this Plan; and (vi) the rules of construction and definitions set forth in Sections 101 and 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply unless otherwise expressly provided.

**1.4. Exhibits and Plan Schedules.** All exhibits and schedules attached to the Plan are incorporated into and are a part of this Plan as if set forth in full herein.

## 2.    TREATMENT OF UNCLASSIFIED CLAIMS

**2.1. General.** Pursuant to Section 1123(a)(1) of the Bankruptcy Code, the Claims against Debtor set forth in this Article 2 are not classified within any Classes. The Holders of such Claims are not entitled to vote on this Plan. The treatment of the Claims set forth below is consistent with the requirements of Section 1129(a)(9)(A) of the Bankruptcy Code.

**2.2. Administrative Expenses.** Each Allowed Administrative Claim, except for Allowed Professional Claims, shall be paid by the Reorganized Debtor (or otherwise satisfied in accordance with its terms) upon the latest of: (i) the Effective Date or as soon thereafter as is practicable; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (iii) the fourteenth (14th) Business Day after such Claim is Allowed, or as soon

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

10

thereafter as practicable; and (iv) such date as the Holder of such Claim and Debtor shall agree upon.

**2.3. Priority Tax Claims.** Holders of Allowed Priority Tax Claims will receive (i) payment in full in Cash of such Allowed Priority Tax Claims incurred between July 1, 2011 and the Petition Date on the later of (1) the Effective Date, and (2) the date on which such Claims become Allowed Priority Tax Claims, and (ii) with regard to all other Allowed Priority Tax Claims incurred prior to July 1, 2011, quarterly installment payments in Cash, over a period ending not later than five (5) years after the Petition Date, of a total value, as of the Effective Date, equal to the amount of such claim.

**2.4. Treatment of Professional Claims.** Holders of Allowed Administrative Claims related to Professional services rendered (including compensation and reimbursement of Debtor's Professionals not in excess of $200,000, including all pre-Petition Date amounts held on retainer by the such Professionals, and, in the event a Committee is appointed, an amount not in excess of $50,000 for compensation and reimbursement of the Committee's Professionals) will be paid in full on the later of (i) the Effective Date of the Plan, and (ii) the date on which such Claims become Allowed Administrative Claims.

**2.5. Requests for Payment.** All requests for payment of Administrative Claims against Debtor and all final applications for allowance and disbursement of Professional Fees must be filed by the Administrative Claims Bar Date or the Holders thereof shall be forever barred from asserting such Administrative Claims against Debtor and the Reorganized Debtor. All Professional Fees applications must be in compliance with all of the terms and provisions of any applicable order of the Bankruptcy Court, including the Confirmation Order, and all other orders governing payment of Professional Fees. Unless otherwise ordered by the Bankruptcy Court, from and after the Effective Date, no professional shall be required to file fee applications with the Bankruptcy Court and Reorganized Debtor may pay all professionals in the ordinary course for fees and expenses incurred after the Effective Date.

## 3. DESIGNATION OF CLASSES OF CLAIMS AND EQUITY SECURITIES

Pursuant to this Plan and in accordance with Section 1123(a)(1) of the Bankruptcy Code, all Claims of Creditors and the Holders of Equity Securities (except unclassified claims) are placed in the Classes described below. A Claim or Equity Security is classified in a particular Class only to the extent that the Claim or Equity Security qualifies within the description of that Class and is classified in other Classes only to the extent that any remainder of the Claim or Equity Security qualifies within the description of such other Classes. A Claim or Equity Security is also classified in a particular Class only to the extent that such Claim or Equity Security is an Allowed Claim or Allowed Equity Security in that Class and has not been paid, released, or otherwise satisfied prior to the Effective Date. With respect to Classes of Claims described as Unimpaired under the Plan, except as otherwise provided under this Plan, nothing shall affect the rights and legal and equitable defenses of Debtor and Reorganized Debtor regarding such Claims classified as Unimpaired under this Plan, including but not limited to, all rights in respect of legal and equitable defenses to setoff or recoupment against such Claims.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

### 3.1. Summary of Claims Classifications.

| **Class** | **Description** | **Treatment** |
|---|---|---|
| Class 1 | Priority Non-Tax Claims | Unimpaired.<br>  No solicitation required. |
| Class 2 | Secured Tax Claims | Unimpaired.<br>  No solicitation required. |
| Class 3 | Secured Note Claims | Impaired.<br>  Solicitation required. |
| Class 4 | General Contractor Claim | Impaired.<br>  Solicitation required. |
| Class 5 | Subcontractor Claims | Impaired.<br>  Solicitation required. |
| Class 6 | Other Secured Claims | Impaired.<br>  Solicitation required. |
| Class 7 | General Unsecured Claims | Impaired.<br>  Solicitation required. |
| Class 8 | Equity Securities | Impaired. Deemed to have rejected.<br>  No solicitation required. |

### 3.2. Specific Classification.

**3.2.1.** Class 1:  Priority Non-Tax Claims.  Class 1 consists of Priority Non-Tax Claims.  It is anticipated that Allowed Priority Non-Tax Claims will be in amount of less than $25,000.

**3.2.2.** Class 2:  Secured Tax Claims.  Class 2 consists of Secured Tax Claims.

**3.2.3.** Class 3:  Secured Note Claims.  Class 3 consists of Secured Note Claims.  Secured Note Claims secured by the same Lien and Collateral shall be classified together in their own separate sub-Class within Class 3, and each such sub-Class shall be deemed to be a separate Class for purposes of this Plan.

**3.2.4.** Class 4:   General Contractor Claim.   Class 4 consists of the General Contractor Claim.

**3.2.5.** Class 5:  Subcontractor Claims.   Class 5 consists of the Subcontractor Claims.  Each Holder of a Subcontractor Claim shall be considered to be its own separate sub-

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Class within Class 5, and each sub-Class shall be deemed to be a separate Class for purposes of this Plan.

**3.2.6.** Class 6:  Other Secured Claims.  Class 6 consists of the Other Secured Claims.  Each Holder of an Other Secured Claim shall be considered to be its own separate subclass within Class 6, and each subclass shall be deemed to be a separate Class for purposes of this Plan.

**3.2.7.** Class 7:  General Unsecured Claims.  Class 7 consists of the General Unsecured Claims.

**3.2.8.** Class 8: Equity Securities.  Class 8 consists of the Equity Securities.

## 4.    DESIGNATION OF AND PROVISIONS FOR TREATMENT OF CLASSES OF CLAIMS UNDER THIS PLAN

**4.1. Class 1:  Priority Non-Tax Claims.**  Holders of Allowed priority non-tax Claims will be paid in full on the later of (i) the Effective Date of the Plan, and (ii) the date on which such Claims become Allowed Claims.  It is anticipated that Class 1 Priority Non-Tax Claims will be in amount of less than $25,000.

Class 1 is Unimpaired under this Plan.  Holders of Class 1 Claims are not entitled to vote on this Plan.

**4.2. Class 2:  Secured Tax Claims.**  Holders of Allowed Secured Tax Claims will receive either (i) payment in full in Cash of such Claims on the later of (1) the Effective Date of this Plan, and (2) the date on which such Claims become Allowed Claims, or (ii) quarterly installment payments in Cash, over a period ending not later than five (5) years after the Petition Date, of a total value, as of the Effective Date of this Plan, equal to the amount of such Allowed Claims.

Class 2 is Unimpaired under this Plan.  Holders of Class 2 Claims are not entitled to vote on this Plan.

**4.3. Class 3:  Secured Note Claims.**  Each sub-Class shall be treated similarly. Each Holder of  an Allowed Secured Note Claim shall receive either:  (i) in the event all Holders of Secured Note Claims in each sub-Class by the requisite percentages elect to receive distribution of equity in Newco, such Holders will receive on the Effective Date, in full and complete satisfaction of the Secured Claim portion of their Allowed Secured Note Claims, a Pro Rata distribution of the Class B membership interests in Newco, with any General Unsecured Claim portion being treated as a Class 7 General Unsecured Claim (the "Equity Election"), or alternatively, (ii) in the event that all Holders of a Secured Note Claim  in each sub-Class forego the Equity Election but by the requisite majorities elect to receive a Cash payment, then each such Holder will receive a Pro Rata distribution of $250,000 in full satisfaction of the Secured Claim portion of their Allowed Secured Note Claims, with any General Unsecured Claim portion being treated as a Class 7 General Unsecured Claim (the "Cash Election").  In the event of either the Equity Election or the Cash Election, all Liens of such Creditors against the Assets will be released as of the Effective Date; however, in the event that Holders of Allowed Secured Note Claims cannot agree, by the Effective Date, upon allocation of the Distribution to be made under

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

13

either option (i) or (ii) above, the Bankruptcy Court shall resolve any such disputes after the Effective Date with all consideration to be distributed on account of Allowed Secured Note Claims to be held in reserve pending such resolution. All Liens of such Creditors against the Assets will be released as of the Effective Date.

In the event that the requisite majority of the Holders of Allowed Secured Note Claims in each sub-Class fail to make either the Equity Election or the Cash Election, the Debtor reserves the right under Section 13.17 of this Plan to seek to invoke the provisions of Section 1129(b) of the Bankruptcy Code to satisfy the requirements for confirmation of this Plan.

Distributions otherwise payable under this Plan to Holders of Allowed Class 3 Secured Note Claims shall be subject and subordinated to any Allowed Class 3 Secured Note Claim with higher or superior priority in identical Collateral securing such Secured Note Claims.

Each sub-Class of Class 3 is Impaired under this Plan.  Holders of Class 3 Claims are entitled to vote on this Plan.

**4.4. Class 4:    General Contractor Claim.**  The Holder of the Allowed General Contractor Claim shall receive on the Effective Date in full and complete satisfaction of its Allowed Claim against Debtor (i) $350,000 in Cash, and (ii) all Class C membership interests in Newco in consideration for which such Holder waives its Section 363(k) credit bid right and shall as of the Effective Date release and waive with prejudice (x) all Liens of such Holder, and (y) all Tropicana Mechanics' Liens and Claims such Holder has or may have against Tropicana or any of Tropicana's real or personal property.

Class 4 is Impaired under this Plan. The Holder of the Class 4 Claim is entitled to vote on this Plan.

**4.5. Class 5:  Subcontractor Claims.**  Holders of Allowed Subcontractor Claims shall receive on the Effective Date in full and complete satisfaction of their Allowed Claims against Debtor a Cash payment in an amount equal to the lesser of (a) 75% of their Allowed Subcontractor Claims, and (b) a Pro Rata share of $1,650,000, in consideration for which such Holders waive their Section 363(k) credit bid rights and shall as of the Effective Date release and waive with prejudice (x) all Liens of such Holders, and (y) all Tropicana Mechanics' Liens and Claims such Holder has or may have against Tropicana or any of Tropicana's real or personal property. In the event that the Holders of Allowed Subcontractor Claims cannot agree upon allocation of the distribution by the Confirmation Date, the Bankruptcy Court shall resolve any such disputes after the Effective Date with all consideration to be distributed on account of Allowed Subcontractor Claims to be held in reserve pending such resolution.

Class 5 is Impaired under this Plan.  Holders of Class 5 Claims are entitled to vote on this Plan.

**4.6. Class 6:  Other Secured Claims.**  Each Other Secured Claim will be in its own sub-Class under Class 6.  Each sub-Class shall be treated similarly.  Each Holder of an Allowed Other Secured Claim will receive on the Effective Date a Pro Rata distribution, up to the amount of its Allowed Other Secured Claim, of $50,000 in full satisfaction of its Allowed Other Secured

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

Claim, with any unsecured Claim portion being treated as a Class 7 General Unsecured Claim. All Liens related to such Other Secured Claims will be released on the Effective Date.

Each sub-Class in Class 6 is Impaired under this Plan. Holders of the Class 6 Claim are entitled to vote on this Plan.

**4.7. Class 7: General Unsecured Claims.** Holders of Allowed General Unsecured Claims will receive on the Effective Date a Pro Rata distribution of the beneficial interests of the Liquidating Trust to be established for the benefit of Holders of Allowed General Unsecured Claims.

Class 7 is Impaired under this Plan. Holders of Class 7 Allowed General Unsecured Claims are entitled to vote on this Plan.

**4.8. Class 8: Equity Securities.** On the Effective Date all Equity Securities shall, without any further action, be cancelled, annulled and extinguished. Holders of Class 8 Equity Securities shall receive nothing under this Plan, are deemed to have rejected this Plan, and are not entitled to vote on this Plan.

## 5. MEANS FOR IMPLEMENTATION OF PLAN.

**5.1. Newco.** Prior to the commencement of the Confirmation Hearing, JVLV will cause Newco to be organized and authorized to conduct business under applicable law. Newco will have the following classes of equity interests: (a) Class A voting membership interests (57.5% of Newco); (b) Class B non-voting membership interests (10% of Newco); (c) Class C voting membership interests (12.5% of Newco); and (d) Class D voting membership interests (20% of Newco).

**5.2. Plan Implementation Occurring on the Effective Date.** On the Effective Date, without any further action by Debtor or Reorganized Debtor, all of the Assets shall vest in Reorganized Debtor and the following events shall occur.

**5.3. Post-Effective Date Management of Reorganized Debtor.** From and after the Effective Date until dissolution, Reorganized Debtor will continue to be managed by Debtor's pre-petition managers, which management may subsequently be modified to the extent provided by Reorganized Debtor's articles of organization, by-laws, and operating agreement (as amended, supplemented, or modified).

**5.4. Effectuation of Transactions.** On and after the Effective Date, the appropriate managers or members of Reorganized Debtor are authorized to issue, execute, deliver, and consummate the transactions contemplated by or described in this Plan in the name of and on behalf of Reorganized Debtor without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, rule, or any requirements of further action, vote, or other approval or authorization by any Person.

**5.5. Sale of Purchased Assets and Assignment of Assigned Contracts to Newco.** On the Effective Date the Asset Purchase Agreement shall be executed to the extent not yet executed and shall be effectuated in its entirety. Reorganized Debtor shall transfer and convey the Purchased Assets and assign the Assigned Contracts in accordance with the Asset Purchase

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

Agreement to Newco in consideration for the Purchase Price and other consideration provided therein.

**5.6. Amended Tropicana Lease.**  The Reorganized Debtor shall assume and assign the Amended Tropicana Lease to Newco.

**5.7. Distribution of Newco Equity Interests.**  On the Effective Date, the following Newco equity interests received as part of the Purchase Price under the Asset Purchase Agreement shall be distributed by Reorganized Debtor in accordance with this Plan as follows: (i) provided the Equity Election is made, all Class B membership interests will be distributed to the Holders of Allowed Secured Note Claims in accordance with Section 4.3 of this Plan; and (ii) all Class C membership interests will be distributed pursuant to the Plan to the Holder of the General Contractor Claims in accordance with Section 4.4 of this Plan.

**5.8. Reserves.**  Reorganized Debtor shall establish and maintain the Disputed Claim Reserve.

**5.9. Liquidating Trust.**

      5.8.1  No less than five days prior to the commencement of the Confirmation Hearing, Debtor shall select the three members of the Liquidating Trust Board and the Liquidating Trustee.

      5.8.2  On the Effective Date, (a) the Liquidating Trust will be established, (b) the members of the Liquidating Trust shall assume their obligations in accordance with the terms of the Liquidating Trust Agreement, and (c) all Litigation Claims shall be transferred to such trust to be pursued for the benefit of Holders of Class 7 Allowed Claims.

      5.8.3  The Liquidating Trustee shall commence serving as the Liquidating Trustee on the Effective Date; provided however, that the party appointed as Liquidating Trustee shall be permitted to act in accordance with the terms of the Liquidating Trust Agreement from the Confirmation Date through the Effective Date and shall be entitled to seek compensation in accordance with the terms of the Liquidating Trust Agreement and this Plan.

**5.10. Dissolution of Reorganized Debtor.**  As soon after the Effective Date as practicable and upon consummation of the transactions contemplated by or described in this Plan, the Reorganized Debtor shall be dissolved in accordance with applicable law. The articles of organization, by-laws, and/or operating agreement, as applicable, of Debtor shall be amended as necessary to satisfy the provisions of the Plan and the Bankruptcy Code and shall include, among other things, pursuant to Section 1123(a)(6) of the Bankruptcy Code.

**5.11. Notice of Effectiveness.**  When all of the steps contemplated by Section 8.2 have been completed or waived, Reorganized Debtor shall file with the Bankruptcy Court and serve upon all Creditors and all potential Holders of Administrative Claims known to Reorganized Debtor (whether or not disputed), a notice of Effective Date of Plan.  The notice of Effective Date of Plan shall include notice of the Administrative Claim Bar Date.

**5.12. No Governance Action Required.**  As of the Effective Date: (i) the adoption,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

16

execution, delivery, and implementation or assignment of all contracts, leases, instruments, releases, and other agreements related to or contemplated by this Plan; and (ii) the other matters provided for under or in furtherance of this Plan involving corporate action to be taken by or required of Debtor shall be deemed to have occurred and be effective as provided herein, and shall be authorized and approved in all respects without further order of the Bankruptcy Court or any requirement of further action by the members or managers of Debtor or Reorganized Debtor.

**5.13. Filing with Nevada Secretary.** To the extent applicable, in accordance with NRS Chapter 86, on or as soon as reasonably practical after the Effective Date, a certified copy of this Plan and the Confirmation Order shall be filed with the Nevada Secretary. Again, to the extent applicable, Debtor, from the Confirmation Date until the Effective Date, is authorized and directed to take any action or carry out any proceeding necessary to effectuate this Plan pursuant to NRS Chapter 86 and other applicable corporate law.

## 6.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1. Executory Contracts.** Except for Executory Contracts specifically addressed in this Plan or set forth on the schedule of Assumed Executory Contracts and Unexpired Leases attached as Schedule 6.1 hereto (which may be supplemented and amended up to the date the Bankruptcy Court enters the Confirmation Order), all Executory Contracts that exist on the Confirmation Date shall be deemed rejected by Debtor on the Effective Date.

**6.2. Approval of Assumption or Rejection.** Entry of the Confirmation Order shall constitute as of the Effective Date: (i) approval, pursuant to Bankruptcy Code Section 365(a), of the assumption by Reorganized Debtor of each Executory Contract to which Debtor is a party that is listed on Schedule 6.1 or otherwise provided for in this Plan or assumed by separate order of the Bankruptcy Court prior to the Effective Date, and all of which are assigned to Newco; and (ii) rejection by Debtor of each Executory Contract to which Debtor is a party that is not listed on Schedule 6.1. Upon the Effective Date, each counter party to an assumed Executory Contract listed on Schedule 6.1 shall be deemed to have consented to an assumption contemplated by Section 365(c)(1)(B) of the Bankruptcy Code, to the extent such consent is necessary for such assumption, and to the assignment thereof to Newco. To the extent applicable, all Executory Contracts of Reorganized Debtor assumed pursuant to Article 6 shall be deemed modified such that the transactions contemplated by this Plan shall not be a "change of control," regardless of how such term may be defined in the relevant Executory Contract and any required consent under any such Executory Contract shall be deemed satisfied by confirmation of this Plan.

**6.3. Cure of Defaults.** Reorganized Debtor shall Cure any defaults respecting each Executory Contract assumed pursuant to Section 6.1 of this Plan upon the latest of: (i) the Effective Date or as soon thereafter as practicable; (ii) such dates as may be fixed by the Bankruptcy Court or agreed upon by Debtor, and after the Effective Date, Reorganized Debtor; or (iii) the fourteenth (14th) Business Day after the entry of a Final Order resolving any dispute regarding: (a) a Cure amount; (b) the ability of Reorganized Debtor and Newco to provide "adequate assurance of future performance" under the Executory Contract assumed pursuant to this Plan in accordance with Section 365(b)(1) of the Bankruptcy Code; or (c) any matter pertaining to assumption, assignment, or the Cure of a particular Executory Contract.

**6.4. Objection to Cure Amounts.** Any party to an Executory Contract who objects to

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

the Cure amount determined by Debtor to be due and owing must file and serve an objection on Debtor's counsel and Newco's counsel no later than ten (10) prior to the commencement of the Confirmation Hearing.. Failure to file and serve a timely objection shall be deemed consent to the Cure amounts paid by Debtor or Reorganized Debtor, as applicable, in accordance with Section 6.3 of this Plan. If there is a dispute regarding: (i) the amount of any Cure payment; (ii) the ability of Reorganized Debtor and Newco to provide "adequate assurance of future performance" under the Executory Contract to be assumed or assigned; or (iii) any other matter pertaining to assumption, the Cure payments required by Section 365(b)(1) of the Bankruptcy Code will be made following the entry of a Final Order resolving the dispute and approving the assumption and assignment.

**6.5. Confirmation Order.** The Confirmation Order will constitute an order of the Bankruptcy Court approving the assumptions and assignments to Newco described in this Article 6 pursuant to Section 365 of the Bankruptcy Code as of the Effective Date. Notwithstanding the forgoing, if, as of the date the Bankruptcy Court enters the Confirmation Order, there is pending before the Bankruptcy Court a dispute concerning the cure amount or adequate assurance for any particular Executory Contract, the assumption of such Executory Contract shall be effective as of the date the Bankruptcy Court enters an order resolving any such dispute and authorizing assumption by Debtor.

**6.6. Post-Petition Date Contracts and Leases.** Executory Contracts set forth on Schedule 6.1 entered into after the Petition Date by Debtor shall be assumed by Reorganized Debtor and assigned to Newco on the Effective Date.

**6.7. Bar Date.** All proofs of Claims with respect to Claims arising from the rejection of any Executory Contract shall be filed no later than thirty (30) calendar days after the Effective Date. Any Claim not filed within such time shall be forever barred.

# 7. MANNER OF DISTRIBUTION OF PROPERTY UNDER THIS PLAN

**7.1. Distributions.** Reorganized Debtor shall be responsible for making the Distributions described in this Plan. Reorganized Debtor may make such Distributions before the allowance of each Claim has been resolved if Reorganized Debtor has a good faith belief that the Disputed Claims Reserve is sufficient for all Disputed Claims. Except as otherwise provided in this Plan or the Confirmation Order, the Cash necessary for Reorganized Debtor to make payments pursuant to this Plan may be obtained from existing Cash balances, Debtor's operations and the proceeds of the Asset Purchase Agreement.

**7.2. Statements.** Reorganized Debtor shall maintain a record of the names and addresses of all Holders of Allowed Claims as of the Effective Date for purposes of mailing Distributions to them. Reorganized Debtor may rely on the name and address set forth in Debtor's Schedules and/or proofs of Claim as of the Record Date as being true and correct unless and until notified in writing. Reorganized Debtor shall file all tax returns and other filings with governmental authorities on behalf of Reorganized Debtor and the Assets it holds.

**7.3. Further Authorization.** Debtor and Reorganized Debtor shall be entitled to seek such orders, judgments, injunctions, and rulings as it deems necessary to carry out the intentions and purposes, and to give full effect to the provisions of this Plan.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

18

103164-002/1350781_6

**8.     CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE**

**8.1. Conditions to Confirmation.**  The Confirmation Order shall have been entered and be in form and substance reasonably acceptable to Debtor, JVLV and Tropicana.

**8.2. Conditions to Effectiveness.**   The following are conditions precedent to the occurrence of the Effective Date:

**8.2.1.** The Confirmation Order shall be a Final Order, except that Debtor reserves the right to cause the Effective Date to occur notwithstanding the pendency of an appeal of the Confirmation Order, under circumstances that would moot such appeal;

**8.2.2.** No request for revocation of the Confirmation Order under Section 1144 of the Bankruptcy Code shall have been made, or, if made, shall remain pending, including any appeal, except that Debtor reserves the right to cause the Effective Date to occur notwithstanding the pendency of an appeal of the Confirmation Order, under circumstances that would moot such appeal;

**8.2.3.** All documents necessary to implement the transactions contemplated by this Plan shall be in form and substance reasonably acceptable to Debtor, JVLV and Tropicana;

**8.2.4.** Tropicana has confirmed in writing to Debtor that all Tropicana Mechanics' Liens And Claims have been waived and released with prejudice;

**8.2.5.** The Amended Tropicana Lease shall have been executed by all parties and in full force and effect; and

**8.2.6.** Reorganized Debtor shall hold sufficient Cash to pay when due all Allowed Administrative Claims as required under Sections 2.3, 2.4 and 2.5 of this Plan.

**9.     TITLE TO PROPERTY; DISCHARGE; RELEASE; INJUNCTION**

**9.1. Preservation and Transfer of Litigation Claims.**  In accordance with Section 1123(b)(3) of the Bankruptcy Code, and except as otherwise expressly provided herein, all Litigation Claims shall be assigned and transferred to the Liquidating Trust subject to the provisions of Section 10 hereof.

**9.2. Injunction.  From and after the Effective Date, and except as provided in this Plan and the Confirmation Order, (a) all Persons that have held, currently hold, or may hold a Claim or an Equity Security or other right of an Equity Security Holder that is terminated pursuant to the terms of this Plan are permanently enjoined from taking any of the following actions on account of any such Claims or terminated Equity Securities or rights: (i) commencing or continuing in any manner any action or other proceeding against Reorganized Debtor or its property; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Reorganized Debtor or its property; (iii) creating, perfecting, or enforcing any Lien or encumbrance against Reorganized Debtor or its property; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to Reorganized Debtor**

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

or its property; and (v) commencing or continuing any action, in any manner or any place, that does not comply with or is inconsistent with the provisions of this Plan or the Bankruptcy Code; and (B) to the extent allowed by applicable law, all Persons that have held, currently hold, or may hold Tropicana Mechanics' Liens And Claims are permanently enjoined from taking any of the following actions on account of any such Tropicana Mechanics' Liens And Claims: (i) commencing or continuing in any manner any action or other proceeding against Tropicana or its property; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Tropicana or its property; (iii) creating, perfecting, or enforcing any Lien or encumbrance against Tropicana or its property; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to Tropicana or its property; and (v) commencing or continuing any action, in any manner or any place, that does not comply with or is inconsistent with the provisions of this Plan or the Bankruptcy Code. By accepting Distributions pursuant to this Plan, each Holder of an Allowed Claim will be deemed to have specifically consented to the injunctions set forth in this <u>Section 9.2</u>.

9.3. **Release.** Debtor and Reorganized Debtor, on behalf of itself and its employees, agents, officers, directors, representatives, predecessors, successors, transferees and assigns (including the Liquidating Trust), unconditionally, irrevocably, freely, voluntarily and after consultation with counsel and becoming fully and adequately informed as to the relevant facts, circumstances and consequences, knowingly releases, waives and forever discharges (and further agrees not to allege, claim or pursue) (a) any and all liabilities, indebtedness and obligations, whether known or unknown, of any kind whatsoever of JVLV, Newco or Tropicana to Debtor, except for (i) any obligations remaining to be performed by Tropicana under the Tropicana Lease Forbearance Agreement and any obligations to be performed by Tropicana under the Amended Tropicana Lease from and after the Effective Date, and (ii) any obligations remaining to be performed by JVLV and Newco under the Asset Purchase Agreement, from and after the Effective Date; (b) any legal, equitable or other obligations of any kind whatsoever, whether known or unknown, of (i) Tropicana to Debtor other than any obligations remaining to be performed by under the Tropicana Lease Forbearance Agreement and any obligations to be performed by Tropicana under the Amended Tropicana Lease from and after the Effective Date, and (ii) JVLV and Newco to be performed under the Asset Purchase Agreement, from and after the Effective Date; (c) any and all claims, whether known or unknown, under any oral or implied agreement with or obligation or undertaking of any kind whatsoever of, (i) Tropicana which is different from or in addition to the express terms of the Tropicana Lease Forbearance Agreement or the Amended Tropicana Lease from or after the Effective Date and (ii) JVLV and Newco which is different from or in addition to the express terms of the Asset Purchase Agreement; and (d) all other claims, rights, causes of action, counterclaims or defenses of any kind whatsoever, in contract or in tort, in law or in equity, whether known or unknown, direct or derivative, which Debtor or Reorganized Debtor or any predecessor, successor or assign might otherwise have or may have against Tropicana, JVLV or Newco on account of any conduct, condition, act, omission, event, contract, liability, obligation, demand, covenant, promise, indebtedness, claim, right, cause of action, suit, damage, defense, circumstance or matter of any kind whatsoever which existed, arose or occurred at any time prior to the Effective Date. The releases set forth in this Section 9.3 shall apply in all respects to JVLV's, Newco's and Tropicana's respective employees, agents, officers, directors, managers, representatives, predecessors, successors,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

transferees and assigns.

**9.4. Exculpation.** From and after the Effective Date, neither Debtor, JVLV, Tropicana, the Professionals employed on behalf of the Estate, nor any of their respective present or former members, directors, officers, managers, employees, advisors, attorneys, or agents, shall have or incur any liability, including derivative claims, but excluding direct claims, to any Holder of a Claim or Equity Security or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of (from the Petition Date forward), the Chapter 11 Case, Reorganized Debtor, the pursuit of confirmation of this Plan, or the consummation of this Plan, except for gross negligence and willful misconduct, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan or in the context of the Chapter 11 Case.

## 10. LIQUIDATING TRUST AND LIQUIDATING TRUSTEE.

**10.1. Board Role.** The Liquidating Trust Board's role shall be to advise and consult with the Liquidating Trustee as more particularly set forth in the Liquidating Trust Agreement. The Liquidating Trust Board shall have the rights and duties set forth in the Liquidating Trust Agreement.

**10.2. Compensation.** The members of the Liquidating Trust Board shall serve, receive compensation, and will be reimbursed for their reasonable expenses from the Liquidating Trust in accordance with the Liquidating Trust Agreement.

**10.3. Fiduciary Duties.** The fiduciary duties, as well as the privileges, immunities and protections, that apply to a statutory committee appointed in a case under the Bankruptcy Code shall apply to the Liquidating Trust Board after the Effective Date. The duties and powers of the Liquidating Trust Board shall terminate upon the termination of the Liquidating Trust.

**10.4. Reports.** The Liquidating Trustee shall be required by the Liquidating Trust Agreement to consult with and report to the Liquidating Trust Board and the authority of the Liquidating Trust Board shall be as set forth in this Plan and the Liquidating Trust Agreement.

**10.5. Resignation of the Liquidating Trustee.** The Liquidating Trustee may resign at any time by giving written notice to the Liquidating Trust Board and such resignation shall be effective upon the date provided in such notice (which effective date shall not be less than fifteen (15) Business Days following the date of delivery of such notice). In the case of the resignation of the Liquidating Trustee, a successor Liquidating Trustee shall thereafter be appointed by the Liquidating Trust Board in accordance with the terms of the Liquidating Trust Agreement, whereupon such resigning Liquidating Trustee shall, to the extent necessary, convey, transfer and set over to such successor Liquidating Trustee by appropriate instrument or instruments all of the Liquidating Trust Assets then not conveyed or otherwise disposed of and all other assets then in his or her possession in accordance with the Liquidating Trust Agreement. Without further act, deed or conveyance, a successor Liquidating Trustee shall be vested with all the rights, privileges, powers and duties of the Liquidating Trustee, except that the successor Liquidating Trustee shall not be liable for the acts or omissions of his or her predecessor(s). Each succeeding Liquidating Trustee may in like manner resign and another may in like manner

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

21

be appointed in his or her place.

**10.6. Treatment of Beneficial Interests in the Liquidating Trust.** The beneficial interests of the Liquidating Trust issued pursuant to this Plan shall be issued pursuant to the exemption from securities registration contained in Section 1145 of the Bankruptcy Code. Any securities issued to or transferred by the Liquidating Trust shall be issued or transferred pursuant to the exemption from securities registration contained in Section 1145 of the Bankruptcy Code and shall be exempt from taxes pursuant to Section 1146(a) of the Bankruptcy Code.

**10.7. Actions against the Liquidating Trustee.** Absent the express permission of the Bankruptcy Court, no judicial, administrative, arbitral, or other action or proceeding shall be commenced against the Liquidating Trustee in his or her official capacity, with respect to his or her status, duties, powers, acts or omissions as Liquidating Trustee in any forum other than the Bankruptcy Court. From and after the Effective Date, the Liquidating Trustee and the Liquidating Trust Board and their professionals shall be exculpated by the Estate and all holders of Claims or Interests from any and all claims or causes of action and assertions of liability arising out of their performance of the duties conferred upon them by this Plan, the Liquidating Trust Agreement, or any orders of the Bankruptcy Court, except to the extent an act constitutes bad faith, gross negligence, willful misconduct, or actual fraud. No holder of a Claim or Interest or representative thereof shall have or pursue any claim or cause of action against the Liquidating Trustee and the Liquidating Trust Board or their professionals for taking any action in accordance with this Plan, the Liquidating Trust Agreement, or to implement the provisions of this Plan or any order of the Bankruptcy Court. Nothing in this provision shall be deemed to alter the provisions of the Liquidating Trust Agreement.

**10.8. Powers of the Liquidating Trustee.** Subject to the provisions of the Liquidating Trust Agreement and with all the powers of a trustee under applicable law, the Liquidating Trustee shall have the power and authority to perform the following acts, among others:

**10.8.1.** Accept the Liquidating Trust Assets transferred and provided to the Liquidating Trust pursuant to the Liquidating Trust Agreement and this Plan;

**10.8.2.** File, settle, compromise, withdraw, or litigate to judgment any objections to Claims;

**10.8.3.** File, settle, compromise, withdraw, or litigate to judgment any motions, applications, adversary proceedings, contested matters and other litigation matters, whether filed or commenced by Debtor after the Petition Date or by the Liquidating Trustee after the Effective Date, including proceedings with respect to the rights and claims of Debtor to recover property or the prosecution of any Litigation Claims, or otherwise seeking to collect or recover on account of any Litigation Claims;

**10.8.4.** Distribute Liquidating Trust Assets to holders of Allowed Claims (the Beneficiaries, as defined in the Liquidating Trust Agreement) in accordance with the terms of this Plan and the Liquidating Trust Agreement;

**10.8.5.** Perfect and secure his/her right, title and interest to any and all Liquidating Trust Assets;

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

22

**10.8.6.** Reduce all of the Liquidating Trust Assets to his or her possession and conserve, protect, collect and liquidate or otherwise convert all Liquidating Trust Assets into Cash;

**10.8.7.** Release, convey, subordinate or assign any right, title or interest in or to the Liquidating Trust Assets;

**10.8.8.** Pay and discharge any costs, expenses, fees or obligations deemed necessary to preserve the Liquidating Trust Assets, and to protect the Liquidating Trust and the Liquidating Trustee from liability;

**10.8.9.** Deposit Liquidating Trust funds and draw checks and make disbursements thereof;

**10.8.10.** Employ such attorneys, accountants, engineers, agents, tax specialists, other professionals, and clerical assistance as the Liquidating Trustee may deem necessary. The Liquidating Trustee shall be entitled to rely upon the advice of retained professionals and shall not be liable for any action taken in reliance of such advice; the fees and expenses of all such professionals shall be charges as expenses of the Liquidating Trust and shall be paid upon approval of the Liquidating Trustee;

**10.8.11.** Employ brokers, investment brokers, sales representatives or agents, or other Persons necessary to manage the Liquidating Trust Assets;

**10.8.12.** Exercise any and all powers granted the Liquidating Trustee by any agreements or otherwise applicable law or any statute that serves to increase the extent of the powers granted to the Liquidating Trustee hereunder;

**10.8.13.** Take any action required or permitted by this Plan or the Liquidating Trust Agreement;

**10.8.14.** Execute obligations, whether negotiable or non-negotiable;

**10.8.15.** Sue and be sued;

**10.8.16.** Settle, compromise or adjust by arbitration, or otherwise, any disputes or controversies in favor or against the Liquidating Trust;

**10.8.17.** Waive or release rights of any kind;

**10.8.18.** Appoint, remove and act through agents, managers and employees and confer upon them such power an authority as may be necessary or advisable;

**10.8.19.** Negotiate, renegotiate or enter into any contract or agreements binding the Liquidating Trust, and to execute, acknowledge and deliver any and all investments that are necessary, required or deemed by the Liquidating Trustee to be advisable in connection with the performance of his/her duties;

**10.8.20.** Borrow such sums of money at any time and from time to time for such

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

23

periods of time upon such terms and conditions from such persons or corporations (including any fiduciary hereunder) for such purposes as may be deemed advisable, and secure such loans with any of the Liquidating Trust Assets, so long as the terms of any such borrowing provide that no recourse shall be had to the Liquidating Trustee, or the Reorganized Debtor or beneficiary of the Liquidating Trust on any such debt; and

**10.8.21.** In general, without in any manner limiting any of the foregoing, deal with the Liquidating Trust Assets or any part or parts thereof in all other ways as would be lawful for any person owing the same to deal therewith, whether similar to or different from the ways above specified, at any time or times hereafter.

**10.8.22.** Payment of Expenses Incurred by the Liquidating Trust.

**10.8.23.** The Liquidating Trustee, including any successor Liquidating Trustee, may pay the Liquidating Trustee, from the Liquidating Trust Assets, reasonable compensation, as approved by the Liquidating Trust Board, for the Liquidating Trustee's services rendered and reimbursement of expenses incurred. Professionals retained by the Liquidating Trust shall be entitled to reasonable compensation from the Liquidating Trust Assets for services rendered and reimbursement of expenses incurred. The payment of the fees and expenses of the professionals retained by the Liquidating Trustee shall be made in the ordinary course of business from the Liquidating Trust Assets.

**10.9. Exculpation and Indemnification.** The Liquidating Trustee shall perform the duties and obligations imposed on the Liquidating Trustee by this Plan and the Liquidating Trust Agreement with reasonable diligence and care. The Liquidating Trustee, the Liquidating Trust Board, and any member, officer, director or employee of, or attorney or other professional for the foregoing shall not be liable for actions taken or omitted in their respective capacities under the terms of the Liquidating Trust Agreement or this Plan, except to the extent those acts are determined by a final order of a court with jurisdiction to arise out of fraud, willful misconduct, or gross negligence, willful disregard of their duties, or materially detrimental and willful breach of this Plan or the Liquidating Trust Agreement. The Liquidating Trustee, the Liquidating Trust Board, and any member, officer, director or employee of, or attorney or other professional for the foregoing shall be entitled to indemnification and reimbursement for all losses, fees, and expenses, including but not limited to, attorney's fees and costs, in defending any and all of their actions or inactions except to the extent those acts are determined by a final order of a court with jurisdiction to arise out of fraud, willful misconduct, or gross negligence, willful disregard of their duties, or materially detrimental and willful breach of this Plan or the Liquidating Trust Agreement. In all respects, each of the foregoing parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities and shall be fully protected in acting or in refraining from action in accordance with such advice. Any indemnification claim of the Liquidating Trustee, the Liquidating Trust Board, and any member, officer, director or employee of, or attorney or other professional for the foregoing shall be satisfied solely from the assets of the Liquidating Trust.

**10.10. Retention of Funds Prior to Distribution.** The Liquidating Trustee shall collect all Cash constituting Liquidating Trust Assets and, pending distribution, shall deposit such Cash with a FDIC-insured financial institution regularly providing banking services. The Liquidating Trustee will deposit Cash so that it is adequately insured. Notwithstanding the foregoing, the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

24

Liquidating Trustee may invest all Cash funds (including any earnings thereon or proceeds therefrom) in the same manner as Chapter 7 trustees are required to invest funds pursuant to the guidelines of the United States Trustee's Office, provided that the Liquidating Trustee shall invest funds held only in demand and time deposits, such as short-term certificates of deposit, in banks or savings institutions, or other temporary, liquid and low-risk investments, such as short-term U.S. Treasury bills. The Liquidating Trustee shall hold all such funds until they are distributed pursuant to this Plan.

The Liquidating Trustee will not be required to post a bond or be audited or monitored except as otherwise may be expressly provided in the Liquidating Trust Agreement. Forty-five (45) days after termination of the Liquidating Trust, the Liquidating Trustee will (i) file with the Bankruptcy Court, if the Chapter 11 Case is still open, an unaudited written report and accounting showing a summary of the revenues, expenses and distributions of the Liquidating Trust from the Effective Date until the termination of the Liquidating Trust.

**10.11. Conflict Between Plan and Liquidating Trust Agreement.** In the event of any direct conflict between the terms of this Plan and the terms of the Liquidating Trust Agreement, the terms of the Liquidating Trust Agreement shall prevail.

**10.12. Representation of Liquidating Trust.** The professionals employed by the Liquidating Trust are expressly authorized to simultaneously represent any party on any matter not directly adverse to the Liquidating Trust with respect to the particular representation of the Liquidating Trust.

**10.13. Termination of the Liquidating Trust.** The Liquidating Trust shall remain and continue in full force and effect until the earlier of three (3) years from the Effective Date or the date on which (1) all Liquidating Trust Assets have been distributed or abandoned, (2) all costs, expenses, and obligations incurred in administering the Liquidating Trust have been fully paid, and (3) all remaining income and proceeds of the Liquidating Trust Assets have been distributed in accordance with the provisions of this Plan; provided, however, that if the complete liquidation of the Liquidating Trust Assets and satisfaction of all remaining obligations, liabilities and expenses of the Liquidating Trust pursuant to this Plan has not been completed prior to three (3) years from the Effective Date, the Liquidating Trustee may, with the approval of the Liquidating Trust Board extend the termination date of the Liquidating Trust for a specified period of time in order to complete the purpose of the Liquidating Trust as set forth in this Plan and the Liquidating Trust Agreement. The Liquidating Trustee shall at all times endeavor to liquidate the Trust Assets expeditiously, and in no event shall the Liquidating Trustee unduly prolong the duration of the Trust.

On the termination date of the Liquidating Trust, the Liquidating Trustee will execute and deliver any and all documents and instruments reasonably requested to evidence such termination. Upon termination of the Liquidating Trust, the Liquidating Trustee will be forever discharged and released from all power, duties, responsibilities and liabilities pursuant to the Liquidating Trust other than those attributable to fraud, gross negligence or willful misconduct of the Liquidating Trustee.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

25

## 11.    RETENTION OF JURISDICTION

**11.1. Jurisdiction.**    Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Case, the Liquidating Trust and Reorganized Debtor after the Effective Date as is legally permissible, including jurisdiction to:

**11.1.1.** Allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim or Disputed Claim or Disputed Equity Securities, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of Claims or Disputed Claims;

**11.1.2.** Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan for periods ending on or before the Effective Date;

**11.1.3.** Resolve any matters related to the assumption, assignment, or rejection of any Executory Contract to which Debtor or Reorganized Debtor are party and to hear, determine, and, if necessary, liquidate any Claims arising there from or Cure amounts related thereto;

**11.1.4.** Insure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of this Plan;

**11.1.5.** Decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications or motions involving Debtor, Reorganized Debtor or Liquidating Trustee that may be pending on the Effective Date or commenced thereafter as provided for by this Plan;

**11.1.6.** Enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases, and other agreements or documents created in connection with this Plan or the Disclosure Statement or the Confirmation Order, except as otherwise provided herein;

**11.1.7.** Decide or resolve any cases, controversies, suits, or disputes that may arise in connection with the consummation, interpretation, or enforcement of any Final Order, this Plan, the Confirmation Order, or any Person's obligations incurred in connection with this Plan or the Confirmation Order;

**11.1.8.** Modify this Plan before or after the Effective Date pursuant to Section 1127 of the Bankruptcy Code and Section 12 of this Plan or modify any contract, instrument, release or other agreement or document created in connection with this Plan, the Disclosure Statement, or the Confirmation Order or the Reorganized Debtor; or remedy any defect or omission or reconcile any inconsistency in any Final Order, this Plan, the Confirmation Order, or any contract, instrument, release or other agreement or document created in connection with this Plan, the Disclosure Statement, or the Confirmation Order, in such manner as may be necessary or appropriate to consummate this Plan, to the extent authorized by the Bankruptcy Code;

**11.1.9.** Issue injunctions, enter and implement other orders, or take such other

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

26

actions as may be necessary or appropriate to restrain interference by any person with consummation, implementation, or enforcement of any Final Order, this Plan, or the Confirmation Order, except as otherwise provided herein;

**11.1.10.** Enter and implement such orders as are necessary or appropriate if a Final Order or the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

**11.1.11.** Determine any other matters that may arise in connection with or relate to this Plan, any Final Order, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with this Plan, the Disclosure Statement, any Final Order, or Confirmation Order, except as otherwise provided herein;

**11.1.12.** Enter an order closing the Chapter 11 Case;

**11.1.13.** Hear and decide Litigation Claims and continue to hear and decide pending Litigation Claims and any other claim or cause of action of Debtor and Reorganized Debtor; and

**11.1.14.** Decide or resolve any matter over which the Bankruptcy Court has jurisdiction pursuant to Section 505 of the Bankruptcy Code.

## 12.    MODIFICATION AND AMENDMENT OF PLAN

Prior to Confirmation, Debtor may alter, amend, or modify this Plan under Section 1127(a) of the Bankruptcy Code at any time.   After the Confirmation Date and prior to substantial consummation of this Plan as defined in Section 1101(2) of the Bankruptcy Code, Debtor may, under Section 1127(b), (c), and (d) of the Bankruptcy Code, alter, amend, or modify this Plan or institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in this Plan or the Confirmation Order, to make appropriate adjustments and modifications to this Plan or the Confirmation Order as may be necessary to carry out the purposes and effects of this Plan so long as such proceedings (a) do not materially adversely affect the treatment of Holders of Claims under this Plan, and ( b) are consented to by JVLV and Tropicana.

## 13.    MISCELLANEOUS

**13.1. Filing of Objections to Claims or Equity Securities.**  After the Effective Date, objections to Claims or Equity Securities shall be made and objections to Claims and Equity Securities made previous thereto shall be pursued by the Reorganized Debtor, the Liquidating Trustee or any other party properly entitled to do so after notice to the Reorganized Debtor, Liquidating Trustee and approval by the Bankruptcy Court. Any objections to Claims made after the Effective Date shall be filed and served not later than the first Business Day that is ninety (90) calendar days after the Effective Date; provided, however, that such period may be extended by order of the Bankruptcy Court.

**13.2. Resolution of Objections After Effective Date.**  From and after the Effective

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

27

Date, the Reorganized Debtor and/or the Liquidating Trustee, as applicable, may litigate to judgment, propose settlements of, or withdraw objections to, all pending or filed Disputed Claims and may settle or compromise any Disputed Claim without notice and a hearing and without approval of the Bankruptcy Court.

**13.3. Distributions and Disputed Claims Reserve.** In order to facilitate Distributions to Holders of Allowed Claims, and if and to the extent there are Disputed Claims in any Class, Reorganized Debtor and/or the Liquidating Trustee, as applicable, shall set aside in a designated reserve account the payments or Distributions applicable to such Disputed Claims as if such Disputed Claims were Allowed Claims, pending the allowance or disallowance of such Disputed Claims. In the event that Reorganized Debtor and/or Liquidating Trustee, as applicable, wishes to deposit or hold a lesser amount than required herein and is unable to reach an agreement with the Holder of the Disputed Claim on the amount to be deposited or held, the Bankruptcy Court shall fix the amount after notice and hearing. Upon Final Order with respect to a Disputed Claim, the Holder of such Disputed Claim, to the extent it has been determined to be an Allowed Claim, shall receive on the next distribution date from the Reorganized Debtor or Liquidating Trustee, as applicable, that payment or distribution to which it would have been entitled if the portion of the Claim so allowed had been allowed as of the Effective Date.

**13.4. Late-Filed Claims.** No Claim filed after the Bar Date or, as applicable, the Administrative Claim Bar Date, shall be allowed, and all such Claims are hereby disallowed in full. After the Bar Date or the Administrative Bar Date, as applicable, no Creditor shall be permitted to amend any claim to increase the claimed amount and any such amendment shall be disallowed to the extent of the late-filed increase in the claimed amount.

**13.5. Effectuating Documents; Further Transactions; Timing.** Debtor, Reorganized Debtor and the Liquidating Trustee are each authorized to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan and any securities issued, transferred, or canceled pursuant to this Plan. All transactions that are required to occur on the Effective Date under the terms of this Plan shall be deemed to have occurred simultaneously.

**13.6. Exemption from Transfer Taxes.** Pursuant to Section 1146 of the Bankruptcy Code: (i) the issuance, distribution, transfer, or exchange of Estate property; (ii) the creation, modification, consolidation, or recording of any deed of trust or other security interest, the securing of additional indebtedness by such means or by other means in furtherance of, or connection with this Plan or the Confirmation Order; (iii) the making, assignment, modification, or recording of any lease or sublease; or (iv) the making, delivery, or recording of a deed or other instrument of transfer under, in furtherance of, or in connection with, this Plan, Confirmation Order, or any transaction contemplated above, or any transactions arising out of, contemplated by, or in any way related to the foregoing shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act or real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment and the appropriate state of local government officials or agents shall be, and hereby are, directed to forego the collection of any such tax or assessment and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or assessment.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

**13.7. Revocation or Withdrawal of this Plan.** Debtor reserves the right to revoke or withdraw this Plan at any time prior to the Confirmation Date. If this Plan is withdrawn or revoked, then this Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against Debtor or any other Person nor shall the withdrawal or revocation of this Plan prejudice in any manner the rights of Debtor or any Person in any further proceedings involving Debtor. In the event this Plan is withdrawn or revoked, nothing set forth herein shall be deemed an admission of any sort and this Plan and any transaction contemplated thereby shall be inadmissible into evidence in any proceeding.

**13.8. Binding Effect.** This Plan shall be binding upon, and shall inure to the benefit of, Debtor, Reorganized Debtor, the Liquidating Trustee and the Holders of all Claims and Equity Securities and their respective successors and assigns.

**13.9. Governing Law.** Except to the extent that the Bankruptcy Code or other federal law is applicable or as provided in any contract, instrument, release, or other agreement entered into in connection with this Plan or in any document which remains unaltered by this Plan, the rights, duties, and obligations of Debtor, Reorganized Debtor, Liquidating Trust and any other Person arising under this Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Nevada without giving effect to Nevada's choice of law provisions.

**13.10. Modification of Payment Terms.** Reorganized Debtor and the Liquidating Trust, as applicable, reserves the right to modify the treatment of any Allowed Claim in any manner adverse only to the Holder of such Allowed Claim at any time after the Effective Date upon the prior written consent of the Holder whose Allowed Claim treatment is being adversely affected.

**13.11. Providing for Claims Payments.** Distributions to Holders of Allowed Claims shall be made by the Reorganized Debtor or the Liquidating Trustee, as applicable: (i) at the addresses set forth on the proofs of Claim filed by such Holders (or at the last known addresses of such Holders if no proof of Claim is filed or if Debtor has been notified of a change of address); (ii) at the addresses set forth in any written notices of address changes delivered to the Reorganized Debtor and/or the Liquidating Trustee after the date of any related proof of Claim; or (iii) at the addresses reflected in the Schedules if no proof of Claim has been filed and the Reorganized Debtor or the Liquidating Trustee has not received a written notice of a change of address. If any Holder's distribution is returned as undeliverable, no further distributions to such Holder shall be made unless and until is notified of such Holder's then-current address, at which time all missed Distributions shall be made to such Holder without interest. Amounts in respect of undeliverable Distributions made through the Reorganized Debtor or the Liquidating Trustee, as applicable, shall be returned to the Liquidating Trustee until such Distributions are claimed. All claims for undeliverable Distributions shall be made on or before the first anniversary of the Effective Date. After such date, all unclaimed property shall revert to the Reorganized Debtor or the Liquidating Trustee, as applicable, and the Claim of any Holder or successor to such Holder with respect to such property shall be discharged and forever barred notwithstanding any federal or state escheat laws to the contrary. Nothing contained in this Plan shall require Debtor, the Reorganized Debtor or the Liquidating Trustee to attempt to locate any Holder of an Allowed Claim.

**13.12. Set Offs.** The Reorganized Debtor and the Liquidating Trust may, but shall not be

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

required to, set off or recoup against any Claim and the payments or other distributions to be made pursuant to this Plan in respect of such Claim, claims of any nature whatsoever that the applicable Debtor, Reorganized Debtor or Liquidating Trust may have against the Holder of such Claim to the extent such Claims may be set off or recouped under applicable law, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by Debtor, Reorganized Debtor or Liquidating Trust of any such Claim that it may have against such Holder.

**13.13. Notices.** Any notice required or permitted to be provided under this Plan shall be in writing and served by e-mail and fax, and to be addressed as follows:

| | |
|---|---|
| If to Debtor: | The Las Vegas Mob Experience<br>P.O. Box 97811<br>Las Vegas, Nevada 89193 |
| With a Copy to: | Gordon Silver<br>Attn: Gerald M. Gordon, Esq.<br>3960 Howard Hughes Pkwy, 9th Floor<br>Las Vegas, Nevada 89169 |
| If to JVLV:: | JVLV, LLC<br>Attn: |
| With a Copy to: | David C. Peck, Esq.<br>Greenberg Traurig<br>401 East Las Olas Blvd., Suite 2000<br>Fort Lauderdale, Florida 33301 |
| If to Tropicana:: | Tropicana Hotel & Casino Las Vegas<br>Attn:<br>3801 Las Vegas Blvd. S.<br>Las Vegas, Nevada 89109 |
| With a Copy to: | James O. Johnston, Esq.<br>Dewey & LeBoeuf<br>333 South Grand Ave., Suite 2600<br>Los Angeles, California 90071 |

**13.14. Severability.** If any provision of this Plan is determined by the Bankruptcy Court to be invalid, illegal, or unenforceable or this Plan is determined to be not confirmable pursuant to Section 1129 of the Bankruptcy Code, the Bankruptcy Court, at the request of Debtor shall have the power to alter and interpret such term to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, interpretation, severance, or removal, the remainder of the terms and provisions of this Plan shall remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, interpretation,

Gordon Silver<br>Attorneys At Law<br>Ninth Floor<br>3960 Howard Hughes Pkwy<br>Las Vegas, Nevada 89169<br>(702) 796-5555

103164-002/1350781_6

severance, or removal. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**13.15. Withholding and Reporting Requirements.** In connection with this Plan and all instruments and securities issued in connection therewith and Distributions thereon, Reorganized Debtor and the Liquidating Trustee shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority and all Distributions hereunder shall be subject to any such withholding and reporting requirements. Reorganized Debtor and the Liquidating Trustee shall be authorized to take any and all action that may be necessary to comply with such withholding and recording requirements. Notwithstanding any other provision of this Plan, each Holder of an Allowed Claim that has received a Distribution pursuant to this Plan shall have sole and exclusive responsibility for the satisfaction or payment of any tax obligation imposed by any Governmental Unit, including income, withholding, and other tax obligation on account of such distribution.

**13.16. Post-Confirmation Reporting.** Until the entry of the final decree closing the Chapter 11 Case, Reorganized Debtor and the Liquidating Trustee shall comply with the post-confirmation reporting requirements under the Bankruptcy Code, Bankruptcy Rules, and local rules of the Bankruptcy Court. Additionally, to the extent required, Reorganized Debtor and the Liquidating Trustee shall file post-confirmation quarterly operating reports in accordance with the United States Trustee Guidelines, paragraph 7.2.

**13.17. Cramdown.** In the event that any impaired Class is determined to have rejected this Plan in accordance with Section 1126 of the Bankruptcy Code, Debtor may invoke the provisions of Section 1129(b) of the Bankruptcy Code to satisfy the requirements for confirmation of this Plan. Debtor reserves the right to modify this Plan to the extent, if any, that Confirmation pursuant to Section 1129(b) of the Bankruptcy Code requires modification.

**13.18. Quarterly Fees to the United States Trustee.** Prior to the Effective Date, Debtor, and after the Effective Date, the Liquidating Trustee, shall pay all quarterly fees payable to the Office of the United States Trustee consistent with the sliding scale set forth in 28 U.S.C. § 1930(a)(6), and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

DATED: November _4_, 2011.

MURDER INC., LLC,
a Nevada limited liability company,

By: _____
    Louis Ventre, Manager

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

31

Prepared and Submitted:

GORDON SILVER

By: _Gabrielle A. Hamm_

GERALD M. GORDON, ESQ.
MATTHEW C. ZIRZOW, ESQ.
GABRIELLE A. HAMM, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Proposed Attorneys for Debtor

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103164-002/1350781_6

32

### SCHEDULE 1.1.59
### TO PLAN OF REORGANIZATION
### CERTAIN PRESERVED POTENTIAL CAUSES OF ACTION

All defined terms used herein shall have the meanings set forth in the Plan.    The following is a non-exhaustive list of potential parties against whom Debtor and/or Reorganized Debtor may hold a claim or cause of action.  Debtor and Reorganized Debtor reserve their right to modify this list to amend or add parties or causes of action, but disclaim any obligation to do so.  In addition to the possible causes of action and claims listed below, Debtor and Reorganized Debtor have or may have, in the ordinary course of their business, numerous causes of action and Claims or rights against contractors, subcontractors, vendors, suppliers, and others with whom they deal in the ordinary course of their business (the "Ordinary Course Claims").  Debtor and Reorganized Debtor reserve their right to enforce, sue on, settle, or compromise (or decline to do any of the foregoing) the Ordinary Course Claims, as well as the claims and causes of action listed below and all other claims and causes of action.  Debtor and Reorganized Debtor also have, or may have, and are retaining, various claims or causes of action arising under or pursuant to its insurance policies, and all rights arising under, relating to, or in connection with such policies are expressly reserved and retained.  Notwithstanding anything to the contrary in the foregoing, nothing in this Schedule 1.1.59 shall alter or limit the scope of the injunction set forth in Section 9.2 and the releases set forth in Section 9.3 of the Plan.

1.    Any and all claims or causes of action raised or that can be raised against Jay Bloom, Carolyn S. Farkas, Eagle Group Holdings, LLC, Eagle Group Marketing, Eagle Group Productions, LLC, Order 66 Entertainment, LLC, A.D.D. Productions, LLC, and Mafia Collection, LLC, and all of their officers, directors, managers, members, insiders and affiliates.

2.    Avoidance Actions and Litigation Claims arising out of or in connection with Debtor's business, property, or operations;

3.    Avoidance Actions and Litigation Claims arising out of transactions involving, concerning, or related to Debtor; and

4.    All other rights, privileges, claims, actions, or remedies of Debtor and/or Reorganized Debtor existing on the Effective Date, whether arising at law or in equity.

There may also be other Avoidance Actions and Litigation Claims which currently exist or may subsequently arise that are not set forth herein because the facts underlying such Avoidance Actions or Litigation Claims are not currently known or sufficiently known by Debtor.  The failure to list any such unknown Avoidance Action or Litigation Claim herein is not intended to limit the rights of Reorganized Debtor to pursue any unknown Avoidance Action or Litigation Claim to the extent the facts underlying such unknown Avoidance Action or Litigation Claim become more fully known in the future.

Unless Avoidance Actions or Litigation Claims against any individual or entity are expressly waived, relinquished, released, compromised, or settled by the Plan or any Final Order, Debtor expressly reserves for its benefit, and the benefit of Reorganized Debtor, all Avoidance Actions and Litigation Claims, including, without limitation, all unknown Avoidance Actions and Litigation Claims for later adjudication and therefore no preclusion doctrine (including,

without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches) shall apply to such Avoidance Actions or Litigation Claims after the confirmation or consummation of the Plan. In addition, Debtor expressly reserves for its benefit and the benefit of Reorganized Debtor, the right to pursue or adopt any claims alleged in any lawsuit in which Debtor is a defendant or an interested party, against any individual or entity, including plaintiffs and co-defendants in such lawsuits.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SCHEDULE 6.1**
**TO**
**PLAN OF REORGANIZATION**
**ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

103164-002/1350781_6